IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PIRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL BENEFITS TRUST, et, al., On Behalf of Themselves and All Others Similarly Situated, | § § § § § | Civil Action No. H-02-0410 (Consolidated) Hon. Vanessa D. Gilmore |
| Plaintiffs, | § § | CLASS ACTION |
| vs. | § § § § | |
| HANOVER COMPRESSOR COMPANY, et al., | § § § | |
| Defendants. | § § | |

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

SEP 2 9 2003   JS

MICHAEL N. MILBY. CLERK OF COURT

-------------------------------------------------------------

| | | |
|---|---|---|
| HARBOR FINANCE PARTNERS, Derivatively on Behalf of HANOVER, COMPRESSOR CO., | § § § | Civil Action No. H-02-0761 (Consolidated) Hon. Melinda Harmon |
| Plaintiff, | § § | |
| vs. | § § | |
| MICHAEL MCGHAN, WILLIAM GOLDBERG, TED COLLINS, ROBERT FURGASON, MELVYN KLEIN, MICHAEL O'CONNOR And ALVIN SHOEMAKER, | § § § § § | |
| Defendants, | § § | |
| -and- | § § | |
| HANOVER COMPRESSOR COMPANY, a Delaware corporation, | § § § | |
| Nominal Defendants. | § | |

-------------------------------------------------------------

542060

101

**UNOPPOSED MOTION TO CONSOLIDATE THE CONSOLIDATED
DERIVATIVE ACTION INTO THE CONSOLIDATED SECURITIES
ACTION FOR PURPOSES OF SETTLEMENT**

Pursuant to Federal Rule of Civil Procedure 42(a) and Rule 7.6 of the Southern District of

Texas, Defendant Hanover Compressor Company, in the action styled *Pirelli Armstrong Tire*

*Corp. Retiree Medical Benefits v. Hanover Compressor, Co., et al.* (the "Consolidated Securities

Action"), respectfully moves this Court to consolidate *Harbor Finance Partners v. McGhan, et*

*al.* (the "Consolidated Derivative Action")[1] into the Consolidated Securities Action for Purposes

of Settlement.

1.      The cases that are the subject of this motion are as follows:

| Abbreviated Case Name | Civil Case No. | Date Filed | Assigned Judge |
|---|---|---|---|
| *Pirelli Armstrong Tire Corp. v. Hanover, et al.* | H-02-0410 (consolidated) | February 4, 2002, | Hon. Vanessa D. Gilmore |
| *Harbor Finance Partners, et al., v. McGhan, et a..* | H-02-0761 (consolidated) | March 1, 2002 | Hon. Melinda Harmon |

2.      On May 13, 2003, Hanover Compressor Company, together with the individual

defendants, entered into a Memorandum of Understanding ("First Memorandum of

Understanding") with the Lead Plaintiffs in the Consolidated Securities Action, the plaintiffs in

one related ERISA class action, and the plaintiffs in each of the related derivative actions except

---

[1]    By orders dated August 19, 2002 and August 26, 2002, Judge Harmon consolidated the five Hanover-related
derivative actions pending in the United States District Court for the Southern District of Texas into *Harbor
Finance Partners*.

*Harbor Finance Partners*, setting forth the terms for an agreement in principle for settlement and dismissal of the claims raised by those actions, subject to Court approval.[2]

3.    On July 18, 2003, Hanover Compressor Company, together with the parties to the First Memorandum of Understanding, as well as the plaintiffs in the two previously non-settling related ERISA class actions, *Angleopoulos v. Hanover, et al*, Case No. H-03-1064 and *Freeman v. Hanover, et al*, Case No. H-03-1095, entered into a First Amended Memorandum of Understanding.[3] The Plaintiff in the *Harbor Finance Partners* derivative action was not a party to the First Amended Memorandum of Understanding.

4.    The parties to the First Amended Memorandum of Understanding and Harbor Finance Partners have agreed in principle to, and are in the process of executing, a Second Amended and Restated Memorandum of Understanding, which reflects their intention to enter into a stipulation of settlement and seek approval to settle the above-captioned matter. This has the collective effect of settling, subject to court approval, the Consolidated Securities Action and each and every related derivative action and ERISA class action.

5.    As outlined in the Second Amended and Restated Memorandum of Understanding, the settlement of the Consolidated Securities Action, the Consolidated Derivative Action, and the ERISA Class Actions involve interrelated terms and include an express cross-

---

[2]    The First Memorandum of Understanding was submitted as an exhibit to *Defendants Motion to Consolidate Derivative and ERISA Class Actions Into the Consolidated Securities Action*.

[3]    The First Amended Memorandum of Understanding was submitted as an exhibit to Defendants' *Unopposed Motion for Consolidation of ERISA Cases Into Consolidated Securities Action for Purposes of Settlement*, which was filed on July 22, 2003.

contingency that Hanover Compressor Company may terminate any or all of the settlements if one of the settlements is not approved by the Court.[4]

6.     On July 15, 2003, the Court denied *Defendants' Motion to Consolidate the Derivative and ERISA Class Actions Into the Consolidated Securities Action*, "without prejudice to re-urging."

7.     On August 7, 2003, after the First Amended Memorandum of Understanding was executed by the parties therein, the Court granted the Defendants' *Unopposed Motion for Consolidation of ERISA Cases into Consolidated Securities Action for Purposes of Settlement* and consolidated the related ERISA Class Actions into the Consolidated Securities Action.[5]

8.     On September 18, 2003, Harbor Finance, through its counsel, filed *Plaintiff Harbor Finance Partners' Unopposed Motion to Coordinate Its Action with the Pirelli Armstrong Consolidated Securities Action.*

9.     On September 23, 2003 the Court indicated that it "is not opposed to consolidating the cases as originally proposed"[6] when it denied *Plaintiff Harbor Finance Partners' Unopposed Motion to Coordinate Its Action with the Pirelli Armstrong Consolidated Securities Action.*

10.    Consistent with the proposed settlement of the Consolidated Derivative Action, reflected in the Second Amended and Restated Memorandum of Understanding, the respective parties have agreed to consolidate the Consolidated Derivative Action into the Consolidated Securities Action, Civil Action No. H-02-0410, for Purposes of Settlement.

---

[4]   For a more detailed explanation of the reasons for consolidation, please see *Defendants' Motion to Consolidate Derivative and ERISA Class Actions into the Consolidated Securities Action*, attached hereto as Exhibit A.

[5]   That *Order* is attached hereto as Exhibit B.

[6]   The *Order* denying *Plaintiff Harbor Finance Partners' Unopposed Motion to Coordinate Its Action with the Pirelli Armstrong Consolidated Securities Action* is attached hereto as Exhibit C.

Based upon the foregoing reasons and the reasons set forth in *Defendants Motion to Consolidate Derivative and ERISA Class Actions Into the Consolidated Securities Action*, Hanover Compressor Company, without opposition from any party, respectfully requests that this Court grant its *Unopposed Motion to Consolidate the Consolidated Derivative Action into the Consolidated Securities Action for Purposes of Settlement.*

Dated: September **29**, 2003

                                     Respectfully submitted,

                                     SUSMAN GODFREY L.L.P.

                                     *Thomas W. Paterson*

                                     Thomas W. Paterson
                                     Attorney-In-Charge
                                     State Bar No. 15571500
                                     S.D. Texas Bar No. 07078
                                     1000 Louisiana, Suite 5100
                                     Houston, Texas 77002
                                     Telephone:   (713) 651-9366
                                     Facsimile:   (713) 654-6666

                                     ATTORNEYS FOR DEFENDANT
                                     HANOVER COMPRESSOR COMPANY

OF COUNSEL:

SUSMAN GODFREY L.L.P.

Karen A. Oshman
State Bar No. 15335800
S.D. Texas Bar No. 07724
Jeffrey R. Seely
State Bar No. 24033172
S.D. Texas Bar No. 30081
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone:   (713) 651-9366
Facsimile:   (713) 654-6666

542060                              5

HUGHES HUBBARD & REED LLP

Kevin Abikoff
State Bar No. 24034118
S.D. Texas Bar No. 34731
1775 I Street N.W. Suite 600
Washington, D.C. 20006-2401

## CERTIFICATE OF CONFERENCE

I, Kevin Abikoff, hereby certify that I and attorneys under my supervision discussed the foregoing motion with counsel for each of the parties in the above-captioned matters, and that they did not oppose the relief sought by this motion.

Dated: September 29, 2003

_Kevin T. Abikoff_
Kevin T. Abikoff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that true and correct copies of the foregoing *Unopposed Motion to Consolidate the Consolidated Derivative Action into the Consolidated Securities Action for Purposes of Settlement* were served by U.S. Mail upon the counsel listed below this __29th__ day of September, 2003.

*Thomas W. Paterson*
Thomas W. Paterson

James D. Baskin
BASKIN LAW FIRM
300 W. 6th Street, Suite 1950
Austin, TX 78701
Counsel for Plaintiff
Henry Duncan Kirkley

Edward B. Horahan, III
Wallace Timmeny
DECHERT LLP
1775 I Street, N.W.
Washington, DC 20006-2401
Counsel for Defendant Charles
D. Erwin

Eric J.R. Nichols
BECK REDDEN & SECREST
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX 77010-2010
Counsel for Defendant Michael J.
McGhan

Steven Rothschild
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Rodney Square PO Box 636
Wilmington, DE 19801
Counsel for Defendants Victor E. Grijalva,
Gordon T. Hall and I. Jon Brumley

William S. Lerach
Darren J. Robbins
Randall Steinmeyer
Amber L. Eck
MILBERG WEISS BERSHAD HYNES &
LERACH LLP
401 B Street, Suite 1700
San Diego, CA 92101
Counsel for Lead Plaintiffs Pirelli
Armstrong Tire, Retiree Medical Benefits
Trust, Plumbers & Steamfitters, Local 137
Pension Fund, O. Bryant Lewis, 720
Capital Management, LLC and Specialists
DPM

David H. Kistenbroker
Pamela G. Smith
KATTEN MUCHIN ZAVIS &
ROSENMAN
525 West Monroe, Suite 1600
Chicago, IL 60661-3693
Counsel for Defendant William S.
Goldberg

Harvey G. Brown, Jr.
THE WRIGHT LAW FIRM
Three Riverway, Suite 1660
Houston, TX 77057
Counsel for Defendant Michael A.
O'Connor

Richard S. Schiffrin
Robert W. Weiser
Eric L. Zager
SCHIFFRIN & BARROWAY
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
Counsel for Plaintiff
Ann Angleopoulos

Evan Smith
BRODSKY & SMITH, LLC
240 Mineola Boulevard
Mineola, New York 11501
Counsel for Plaintiff
Joyce Freeman

Paul T. Warner, Esq.
REICH & BINSTOCK
4625 San Felipe, Suite 1000
Houston, Texas 77027

Brian J. Robbins, Esq.
ROBBINS UMEDA & FINK, LLP
1010 Second Avenue, Suite 2360
San Diego, California 92101

David R. Scott, Esq.
SCOTT & SCOTT, LLC
108 Norwich Avenue
Colchester, Connecticut 06415

David M. Goldstein, Esq.
MARICIC & GOLDSTEIN, LLP
10535 Foothill Boulevard, Suite 300
Rancho Cucamonga, California 91729

Robert Schubert, Esq.
SCHUBERT & REED LLP
Two Embarcadero Center, Suite 1660
San Francisco, California 94111
(415) 788-4220

Richard A. Rosen
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Counsel for GKH

Thomas Bilek
HOEFFNER & BILEK, L.L.P.
440 Louisiana St., 720
Houston, TX  77002
Counsel for Plaintiffs
Ann Angleopoulos and Joyce Freeman

Andrew Barroway, Esq.
Schiffrin & Barroway LLP
Three Bala Plaza East
Bala Cynwyd, Pennsylvania 19004

Craig Smyser, Esq.
SMYSKER KAPLAN & VESELKA, LLP
2300 Bank of America Center
700 Louisiana Street
Houston, Texas 77002

Roger B. Greenberg, Esq.
SCHWARTZ, JUNELL, CAMPBELL &
OATHOUT, L.L.P.
Two Houston Center
909 Fannin, Suite 2000
Houston, Texas 77010

Timothy J. Crowley, Esq.
Richard E. Norman, Esq.
CROWLEY DOUGLAS & NORMAN, LLP
1301 McKinney Street, Suite 3500
Houston, Texas 77010-3034

Richard B.  Brualdi
THE BRUALDI LAW FIRM
29 Broadway, Suite 1515
New York, New York 10006

542060

9

John G. Emerson, Esq.
EMERSON POYNTER LLP
440 Louisiana
Little Rock, Arkansas 72202

Marc L.  Ackerman, Esq.
SCOTT & SCOTT, LLC
11 Bala Avenue
Bala Cynwyd, PA 19004

James D.  Baskin, III, Esq.
THE BASKIN LAW FIRM
300 W.  6th, Suite 1950
Austin, Texas 78701-3910

Tom Alan Cunningham, Esq.
CUNNINGHAM, DARLOW, ZOOK &
CHAPOTON LLP
600 Travis, Suite 1700
Houston, Texas 77002

Charles Newton, Esq.
VINSON & ELKINS LLP
2300 First City Tower
1001 Fannin
Houston, Texas 77002

A

United States Courts
Southern District of Texas
FILED

MAY 1 3 2003

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PIRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL BENEFITS TRUST, et al., On Behalf of Themselves and All Others Similarly Situated, | § § § § | Civil Action No. H-02-0410 (Consolidated) Hon. Vanessa D. Gilmore |
| Plaintiffs, | § § § | CLASS ACTION |
| vs. | § § | |
| HANOVER COMPRESSOR COMPANY, et al., | § § | |
| Defendants. | § § | |

--------------------------------------------------------------------------------

| | | |
|---|---|---|
| HARBOR FINANCE PARTNERS, Derivatively on Behalf of HANOVER COMPRESSOR CO., | § § § | Civil Action No. H-02-0761 Hon. Melinda Harmon |
| Plaintiffs, | § § | |
| vs. | § § | |
| MICHAEL MCGHAN, WILLIAM GOLDBERG, TED COLLINS, ROBERT FURGASON, MELVYN KLEIN, MICHAEL O'CONNOR And ALVIN SHOEMAKER, | § § § § | |
| Defendants. | § § | |
| -and- | § § | |
| HANOVER COMPRESSOR COMPANY, a Delaware corporation, | § § | |
| Nominal Defendant. | § | |

--------------------------------------------------------------------------------

| | | |
|---|---|---|
| ANN ANGLEOPOULOS, On Behalf of Herself And All Others Similarly Situated, | § § § § | Civil Action No. H-03-1064 |
| Plaintiffs, | § § | Hon. Melinda Harmon |
| vs. | § § | |
| HANOVER COMPRESSOR COMPANY, MICHAEL J. MCGHAN, MICHAEL A. O'CONNOR, CHAD C. DEATON, and UNKNOWN FIDUCIARY DEFENDANTS 1-100, | § § § § § § | |
| Defendants. | § § | |

-------------------------------------------------------------------

| | | |
|---|---|---|
| JOYCE FREEMAN, On Behalf of Herself and All Others Similarly Situated, | § § § | Civil Action No. H-03-1095 |
| Plaintiffs, | § § § | Hon. Lynn N. Hughes |
| vs. | § § § | |
| HANOVER COMPRESSOR COMPANY, MICHAEL J. MCGHAN, MICHAEL A. O'CONNOR, CHAD C. DEATON, and UNKNOWN FIDUCIARY DEFENDANTS 1-100, | § § § § § | |
| Defendants. | § § § | |

-------------------------------------------------------------------

| | | |
|---|---|---|
| HENRY DUNCAN KIRKLEY, On Behalf of Himself, All Others Similarly Situated and The Hanover Companies Retirement Savings Plan, | § § § § | Civil Action No. H-03-1155 |
| Plaintiffs, | § § § | Hon. David Hittner |
| vs. | § § § | |
| HANOVER COMPANIES, MICHAEL J. MCGHAN, WILLIAM S. GOLDBERG and MICHAEL A. O'CONNOR, | § § § § | |
| Defendants. | § § | |

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MH   MAY 1 3 2003

Michael N. Milby, Clerk

| | | |
|---|---|---|
| PIRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL BENEFITS TRUST, et al., On Behalf of Themselves and All Others Similarly Situated, | § § § § | Civil Action No. H-02-0410 (Consolidated) Hon. Vanessa D. Gilmore |
| Plaintiffs, | § § § | CLASS ACTION |
| vs. | § § § | |
| HANOVER COMPRESSOR COMPANY, et al., | § § § | |
| Defendants. | § § | |

------------------------------------------------------------

| | | |
|---|---|---|
| HARBOR FINANCE PARTNERS, Derivatively on Behalf of HANOVER COMPRESSOR CO., | § § § § | Civil Action No. H-02-0761 Hon. Melinda Harmon |
| Plaintiffs, | § § | |
| vs. | § § | |
| MICHAEL MCGHAN, WILLIAM GOLDBERG, TED COLLINS, ROBERT FURGASON, MELVYN KLEIN, MICHAEL O'CONNOR And ALVIN SHOEMAKER, | § § § § § | |
| Defendants. | § § | |
| -and- | § § | |
| HANOVER COMPRESSOR COMPANY, a Delaware corporation, | § § § | |
| Nominal Defendant. | § | |

------------------------------------------------------------

| | § | |
|---|---|---|
| ANN ANGLEOPOULOS, On Behalf of Herself | § | Civil Action No. |
| And All Others Similarly Situated, | § | H-03-1064 |
| | § | Hon. Melinda Harmon |
| Plaintiffs, | § | |
| vs. | § | |
| | § | |
| | § | |
| HANOVER COMPRESSOR COMPANY, | § | |
| MICHAEL J. MCGHAN, MICHAEL A. | § | |
| O'CONNOR, CHAD C. DEATON, and | § | |
| UNKNOWN FIDUCIARY DEFENDANTS 1-100, | § | |
| | § | |
| Defendants. | § | |

---------------------------------------------------------------------

| | § | |
|---|---|---|
| JOYCE FREEMAN, On Behalf of Herself and All | § | Civil Action No. |
| Others Similarly Situated, | § | H-03-1095 |
| | § | Hon. Lynn N. Hughes |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| HANOVER COMPRESSOR COMPANY, | § | |
| MICHAEL J. MCGHAN, MICHAEL A. | § | |
| O'CONNOR, CHAD C. DEATON, and | § | |
| UNKNOWN FIDUCIARY DEFENDANTS 1-100, | § | |
| | § | |
| Defendants. | § | |
| | § | |

---------------------------------------------------------------------

| | § | |
|---|---|---|
| HENRY DUNCAN KIRKLEY, On Behalf of | § | Civil Action No. |
| Himself, All Others Similarly Situated and | § | H-03-1155 |
| The Hanover Companies Retirement | § | Hon. David Hittner |
| Savings Plan, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| HANOVER COMPANIES, MICHAEL J. | § | |
| MCGHAN, WILLIAM S. GOLDBERG and | § | |
| MICHAEL A. O'CONNOR, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION TO CONSOLIDATE DERIVATIVE AND ERISA CLASS ACTIONS INTO THE CONSOLIDATED SECURITIES ACTION

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Rule 7.6 of the Southern District of Texas, the named defendants in *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust, et al. v. Hanover Compressor Co.* (the "Consolidated Securities Action"), *Harbor Finance Partners v. McGhan, et al.* (the "Consolidated Derivative Action"), and *Angleopoulos v. Hanover, et al., Kirkley v. Hanover, et al.* and *Freeman v. Hanover, et al.* (collectively, the "ERISA Class Actions"), move to consolidate the Consolidated Derivative Action and the ERISA Class Actions into the Consolidated Securities Action (collectively, the Consolidated Derivative Action, the ERISA Class Actions, and the Consolidated Securities Action are referred to as the "Actions").

Hanover Compressor Company ("Hanover Compressor"), together with the individual defendants, have entered into a Memorandum of Understanding ("MOU") with representative Plaintiffs' Counsel for the Consolidated Derivative Action, the ERISA Class Actions and the Consolidated Securities Action (collectively, "Settling Plaintiffs' Counsel") pursuant to which the parties to the MOU will enter into a Stipulation of Settlement and seek this Court's approval to settle the Actions with prejudice. The MOU is attached hereto as Exhibit A. The instant motion is unopposed by each of the Settling Plaintiffs' Counsel.[1] As is reflected in the MOU, the proposed settlement of the Actions involves inter-related terms and includes an express

---

[1]     Eight Plaintiffs' counsel and eight Defendants' counsel have agreed to the MOU. Three Plaintiffs' counsel have not, and as stated in the Certificate of Conference, they are opposed to the disposition of this motion.

3

cross-contingency that Hanover Compressor may terminate any or all of the settlements if one of the settlements is not approved by the Court.

As set forth in more detail below, the Actions should be consolidated, in the interests of avoiding unnecessary costs, delay and confusion because they involve common questions of fact and law, and because of the inter-related nature of the settlements of the Actions.

## BACKGROUND

The cases that are the subject of this motion are as follows:

| Abbreviated Case Name | Civil Case No. | Date Filed | Assigned Judge |
|---|---|---|---|
| *Pirelli Armstrong Tire Corp. v. Hanover, et al.* | H-02-0410 | February 4, 2002 | Hon. Vanessa D. Gilmore |
| *Harbor Finance Partners v. McGhan, et al.* | H-02-0761 | April 10, 2002 | Hon. Melinda Harmon |
| *Angleopoulos v. Hanover, et al.* | H-03-1064 | March 26, 2003 | Hon. Melinda Harmon |
| *Freeman v. Hanover, et al.* | H-03-1095 | March 31, 2003 | Hon. Lynn N. Hughes |
| *Kirkley v. Hanover, et al.* | H-03-1155 | April 4, 2003 | Hon. David Hittner |

Beginning on and after February 4, 2002, more than a dozen putative class actions were filed in this Court on behalf of stockholders of Hanover Compressor. These actions generally alleged violations of the federal securities laws arising from the purported misreporting by Hanover Compressor of certain financial information, resulting in Hanover Compressor restating certain financial results in reports that it filed with the United States Securities and Exchange Commission. By Orders dated March 21, 2002 and May 17, 2002, the Court consolidated the then-pending related putative class action securities lawsuits, pursuant to Rule 42(a) and Local Rule 7.6, into the *Pirelli* action. By Order dated December 31, 2002, the Court confirmed that

4

actions filed after its March 21, 2002 Order were automatically consolidated into the *Pirelli* action.

By orders dated August 19, 2002 and August 26, 2002, Judge Harmon consolidated the five derivative actions pending in the United States District Court for the Southern District of Texas into *Harbor Financial Partners v. McGhan, et al.* These actions emerge from the same core facts as those involved in the Consolidated Securities Action. That is, they generally assert that certain present or former directors of Hanover Compressor violated fiduciary duties to shareholders due to their actions or inaction with respect to the transactions and disclosures ultimately restated by the Company.

Most recently, the ERISA Class Actions were filed against Hanover Compressor and certain of its officers and directors seeking relief based upon the Employee Retirement Income Security Act ("ERISA"). These actions – like the Consolidated Securities Action and the Consolidated Derivative Action – emerge from the same underlying facts: the alleged misstatement (and ultimate restatement) of Hanover Compressor's financial results.

### REASONS AND AUTHORITY FOR CONSOLIDATION

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

> When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

This Court previously concluded that consolidation of the securities cases was warranted under Rule 42(a). Judge Harmon similarly determined that consolidation of the derivative actions was appropriate as involving common factual and legal issues and was beneficial for the administrative convenience of the Court and the parties. The next logical step of consolidating

5

the Consolidated Securities Action with the Consolidated Derivative Action and the ERISA Class Actions should now be taken.

Applying the analogous criteria of Section 1407, the MDL panel *In re Enron Corp. Secs, Derivative & ERISA Litig.*, 196 F. Supp. 2d 1375, 1376 (2002), concluded:

> Whether the actions be brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of Enron, or participants in Enron retirement savings plans suing for violations of the Employee Retirement Income Security Act of 1974, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

The rationale employed by the MDL panel in the collection of Enron matters is amplified in the instant setting where not only are the underlying matters related in the manner posited by the MDL panel, but such matters are inextricably linked through the terms of the proposed settlement.

The actions (1) have the same nucleus of facts, (2) involve many of the same parties, (3) request and receive, in the MOU, interrelated relief, and (4) are included in the same MOU, whereby enforceability of the MOU is contingent upon settlement of each of the three Actions.

The common fact and law questions, as well as the overlap in the identity of the parties, are apparent from the face of the complaints in each action. The Consolidated Securities Action alleges violations of the federal securities laws arising from "false financial statements and other false and misleading statements about the Company's operating performance" based in substantial part on the restatement of revenue arising from the Hampton Roads transaction. In addition to Hanover Compressor, the complaints typically name as individual defendants, Michael O'Connor, Michael McGhan, and William Goldberg, officers or directors alleged to

6

have directly or indirectly participated in the challenged conduct. In the Consolidated Derivative Action, these same individuals are again named, in addition to other directors and officers alleged to have breached obligations to the shareholders by, among other things, violating the federal securities laws. The ERISA actions seek to remedy the particular effect of the foregoing alleged conduct in the context of fiduciary obligations to Hanover Compressor's 401K plan participants.

The MOU provides further compelling support for the notion that the Actions are most appropriately consolidated. First, the relief to be provided under the MOU in the Actions is inextricably linked. The MOU provides for the creation of a single common fund from which stock will be withdrawn to resolve both the Consolidated Securities Action and the Consolidated Derivative Action and which will be used, in part, to provide relief in the ERISA Actions. Similarly, the MOU provides that the cash portion of the settlement will be placed into a common fund from which relief under the Consolidated Securities Action and the ERISA Actions will be paid. In addition, both the Consolidated Securities Action and the Consolidated Derivative Action point to the significant governance changes to be made by Hanover Compressor as a basis for ultimate approval of the proposed settlements.

Second, the MOU explicitly provides that the termination of the Actions is cross-contingent on the resolution of each of them in that the failure of any settlement to receive approval allows Hanover Compressor, at its election, to terminate the other settlements.

## CONCLUSION

Because the Actions share a common nucleus of facts, involve many of the same parties, request and receive similar relief pursuant to the MOU, and are included in the same MOU whereby enforcement of each of the settlements is contingent upon approval of all three

settlements, the Defendants respectfully request that this Court grant their Motion to Consolidate the Consolidated Derivative Action and the ERISA Class Actions into the Consolidated Securities Case for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Rule 7.6 of the Local Rules.

DATED:  May 13, 2003

Respectfully submitted,

_Tom Paterson (by permission, fld hes)_

Thomas W. Paterson
Attorney-In-Charge
State Bar No. 15571500
S.D. Texas Bar No. 07078
SUSMAN GODFREY, LLP
1000 Louisiana Street Suite 5100
Houston, TX 77002-5096
Telephone: 713-653-7815
Counsel for Defendant Hanover Corporation

Kevin T. Abikoff
HUGHES, HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C.  20006-2401
202/721-4600
Counsel for Defendant Hanover Corporation

## CERTIFICATE OF CONFERENCE

I hereby certify that I, Kevin T. Abikoff, of Hughes Hubbard & Reed LLP, provided a draft of the foregoing Motion to Consolidate to counsel for Plaintiffs in each of the above-captioned actions for their review and input. After conferring with counsel for Plaintiffs, I received no opposition from each of the Settling Plaintiffs' Counsel regarding the disposition of this motion. The following counsel do not agree about the disposition of this motion: Richard B. Brualdi (counsel for Harbor Finance Partners; H-02-0761); Evan Smith (counsel for Joyce Freeman; H-03-1095); and Richard S. Schiffrin (counsel for Ann Angleopoulos; H-03-1064).

Dated: May 13, 2003

Kevin T. Abikoff

9

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion and proposed order was served via certified mail to the counsel listed below on this 13th day of May, 2003:

_Tom Paterson (by permission, Jeff Lez)_

Thomas Paterson

Darren J. Robbins
Randall Steinmeyer
Amber L. Eck
MILBERG WEISS BERSHAD
HYNES & LERACH LLP
401 B Street, Suite 1700
San Diego, CA 92101
Counsel for Lead Plaintiffs Pirelli
Armstrong Tire, Retiree Medical Benefits
Trust, Plumbers & Steamfitters, Local 137
Pension Fund, O. Bryant Lewis, 720 Capital
Management, LLC and Specialists DPM

Jamie Baskin
BASKIN LAW FIRM
300 W. 6th Street, Suite 1950
Austin, TX 78701
Counsel for Henry Duncan Kirkley

Richard S. Schiffrin
Robert B. Weiser
Eric L. Zagar
SCHIFFRIN & BARROWAY, L.L.P.
Three Bala Plaza East, Suite 400
Bala Cynwyd, Pennsylvania 19004
Counsel for Angleopoulos

Thomas E. Bilek
HOEFFNER & BILEK, L.L.P
440 Louisiana St., Ste. 720
Houston, TX 77002
Counsel for Angleopoulos and Freeman
Evan Smith
BRODSKY & SMITH, L.L.C.
240 Mineola Boulevard
Mineola, New York 11501
Counsel for Freeman

Joseph A. McDermott, III
3100 Richmond Avenue
Houston, Texas 77098
Counsel for Plaintiff Harbor Finance
Partners derivatively on behalf of Hanover
Compressor Co.

David R. Scott
Neil Rothstein
James E. Miller
108 Norwich Avenue
Colchester, CT 06415
Counsel for Plaintiff Henry Carranza,
derivatively on behalf of Hanover
Compressor Co.

David M. Goldstein
MARICIC & GOLDSTEIN, LLP
10535 Foothill Blvd., Suite 300
Rancho Cucamongo, CA 91729
Counsel for Plaintiff William Steves

James D. Baskin, III
BASKIN LAW FIRM
919 Congress Avenue, Suite 1000
Austin, TX 78701
Counsel for Plaintiff Roger Koch

10

Tom Alan Cunningham
CUNNINGHAM, DARLOW, ZOOK &
CHAPOTON LLP
600 Travis, Suite 1700
Houston, Texas 77002
Counsel for Plaintiff Hensley, Jr.,
derivatively on behalf of Hanover
Compressor Co.

Robert C. Schubert
Juden Justice Reed
Willem F. Jonckheer
Aaron H. Darsky
SCHUBERT & REED, LLP
Two Embarcadero Center, Suite 1660
San Francisco, California 94111
Counsel for Plaintiff Hensley, Jr.,
derivatively on behalf of Hanover
Compressor Co.

Richard J. Vita
LAW OFFICES OF RICHARD J. VITA
P.C.
77 Franklin Street, Suite 300
Boston, MA 02110
Counsel for Plaintiff Hensley, Jr.,
derivatively on behalf of Hanover
Compressor Co.

Thomas G. Shapiro
Edward F. Haber
SHAPIRO, HABER & URMY, LLP
75 State Street
Boston, Massachusetts 02109
Counsel for Plaintiff Hensley, Jr.,
derivatively on behalf of Hanover
Compressor Co.

Richard B. Brualdi
29 Broadway, Suite 1515
New York, New York 10006
Counsel for Harbor Finance Partners,
derivatively on behalf of Hanover
Compressor Co.

Neil Rothstein
SCOTT & SCOTT, LLC
11 Bala Avenue
Bala Cynwyd, PA 19004
Counsel for Plaintiff Henry Carranza

Paul Warner
REICH & BINSTOCK
4265 San Felipe
Suite 1000
Houston, TX 77027
Counsel for Koch, Carranza and Steves

Brian J. Robbins
ROBBINS UMEDA & FINK, LLP
1010 Second Avenue, Suite 2360
San Diego, CA 92101
Counsel for Settling Derivative
Plaintiff Roger Koch

Pamela G. Smith
David H. Kristenbroker
KATTEN, MUCHIN ZAVIS &
ROSENMAN
525 West Monroe, Suite 1600
Chicago, IL 60661-3693
Counsel for Defendant William S. Goldberg

Edward B. Horahan, III
DECHERT LLP
1775 I Street, N.W.
Washington, DC 20006-2401
Counsel for Defendant Charles D. Erwin

Eric J.R. Nichols
BECK REDDEN & SECREST
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX 77010-2010
Counsel for Defendant Michael J. McGhan

11

Craig Smyser
SMYSER KAPLAN & VESEKLA, L.L.P.
Bank of America Center
700 Louisiana Street, Suite 2300
Houston, TX 77002
Counsel for Defendants Melvyn N. Klein,
Ted Collins, Jr., Robert R. Furgason,
Rene J. Huck and Alvin V. Shoemaker

Harvey G. Brown, Jr.
ORGAIN, BELL & TUCKER
2700 Post Oak, Suite 1410
Houston, TX 77056
Counsel for Defendant Michael A.
O'Connor

Steven J. Rothschild
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Rodney Square
Wilmington, DE 19801
Counsel for Defendants Victor E. Grijalva,
Gordon T. Hall and I. Jon Brumley

Richard A. Rosen
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Counsel for GKH

$\mathcal{B}$

FAX    FROM:713-250-5441 USDC-SDTX    ⬤: 9-713-654-3392    PAGE: 1 OF 3    ⬤ONTROL: #040546-CV

# UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF TEXAS

**MICHAEL N. MILBY**
CLERK OF COURT
P.O BOX 61010
HOUSTON, TEXAS 77208

www.txs.uscourts.gov

08/08/03

To:     Thomas W Paterson (aty)

Re:     Notice of Entry of Order or Judgment

Enclosed Order or Judgment entered in:

case number:        4:03-cv-01064

instrument number:  16

If after three attempts this fax fails, then we will print this notice and mail it to you.  For questions, please call (713) 250-5768.

Number of pages including cover sheet:        3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PIRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL BENEFITS TRUST, On Behalf of Itself and All Others Similarly Situated, | § § § § | *CA H-02-410* |
| | § | CIVIL ACTION NO. ~~H-03-1095~~ (Consolidated) |
| Plaintiffs, | § § | (Hon. ~~Vanessa D. Gilmore~~) |
| vs. | § § | *CA H-03-1064* ✓ |
| HANOVER COMPRESSOR COMPANY, MICHAEL J. MCGHAN, WILLIAM S. GOLDBERG and MICHAEL A. O'CONNOR | § § § § | ~~CLASS ACTION~~ |
| Defendants. | § § | **United States Courts Southern District of Texas ENTERED**<br>AUG 0 7 2003<br>Michael N. Milby, Clerk of Court |

**[Proposed] ORDER**

Pending before the Court is the Unopposed Motion for Consolidation of ERISA Cases into Consolidated Securities Action for Purposes of Settlement, filed July on 22 2003.

IT IS HEREBY ORDERED that the following Civil Action Numbers are consolidated into the instant case, *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Hanover Compressor Co.*, Civil Action No. H-02-0410:

| Abbreviated Case Name | Civil Case No. | Date Filed | Assigned Judge |
|---|---|---|---|
| *Angleopoulos v. Hanover, et al.* | H-03-1064 | March 26, 2003 | Hon. Melinda Harmon |
| *Freeman v. Hanover, et al.* | H-03-1095 | March 31, 2003 | Hon. Lynn N. Hughes |
| *Kirkley v. Hanover, et al.* | H-03-1155 | April 4, 2003 | Hon. David Hittner |



525093

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this 1st day of August, 2003.

HON. VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
By _____ Deputy Clerk

Motion to Consolidate
H·03-1095

525093

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

**MICHAEL N. MILBY**
CLERK OF COURT
P.O BOX 61010
HOUSTON, TEXAS 77208

www.txs.uscourts.gov

09/23/03

To:    Thomas W Paterson (aty)                    ,

Re:    Notice of Entry of Order or Judgment

---

Enclosed Order or Judgment entered in:

case number:        4:02-cv-00410

instrument number: 99

If after three attempts this fax fails, then we will print this notice and mail it to you.  For questions, please call (713) 250-5768.

Number of pages including cover sheet: 2

United States Courts
Southern District of Texas
ENTERED

SEP 2 3 2003

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PIRELLI ARMSTRONG TIRE CORP.        §
RETIREE MEDICAL BENEFITS            §
                                    §
versus                              §        CIVIL ACTION NO. H-02-0410
                                    §
                                    §
HANOVER COMPRESSOR CO., ET AL.      §

## O R D E R

IT IS HEREBY ORDERED that Plaintiff Harbor Finance Partners' Unopposed Motion

to Coordinate Its Action With the Pirelli Armstrong Consolidated Securities Action **(Instrument**

**No. 98)** is **DENIED**.  However, the Court is not opposed to consolidating the cases as originally

proposed.  A "coordination" creates too many problems for the two courts.

Signed on this _2つ2d_ day of September, 2003, at Houston, Texas.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

99