

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PIRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL BENEFITS TRUST, *et al.*, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HANOVER COMPRESSOR COMPANY, *et al.*<br><br>Defendants. | § Civil Action No.<br>§ H-02-0410<br>§ (Consolidated)<br>§ Hon. Vanessa D. Gilmore<br>§<br>§ CLASS ACTION<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

United States Courts
Southern District of Texas
ENTERED

DEC 0 8 2003

Michael N. Milby, Clerk of Court

[PROPOSED] ORDER (1) CERTIFYING ERISA SETTLEMENT CLASS,
(2) PRELIMINARILY APPROVING ERISA SETTLEMENT AND
(3) APPROVING THE FORM AND MANNER OF NOTICE

WHEREAS, on or after March 26, 2003, putative ERISA class action lawsuits were filed in this Court by the plaintiffs on behalf of themselves and others similarly situated in *Kirkley v. Hanover Co., et al.*, Case No. H-03-1155, *Angleopoulos v. Hanover Compressor Co., et al.*, Case No. H-03-1064 and *Freeman v. Hanover Compressor Co., et al.*, Case No. H-3-1095 (collectively, the "ERISA Actions") in the United States District Court for the Southern District of Texas (The "Court");

WHEREAS, by Order dated January 6, 2003, the Court appointed Pirelli Armstrong Tire, Retiree Medical Benefits Trust, Plumbers & Steamfitters, Local 137 Pension Fund, O. Bryant Lewis, 720 Capital Management, LLC and Specialists DPM as Lead Plaintiffs and appointed

124

Milberg Weiss Bershad Hynes & Lerach LLP as lead counsel (the "Lead Counsel") in the Consolidated Securities Action;

WHEREAS, by Order dated August 1, 2003, the Court consolidated the ERISA Actions with the Consolidated Securities Actions under the caption *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust, et al. v. Hanover Compressor Co., et al.* (the "Consolidated ERISA Action");

WHEREAS, certain of the Settling Parties, through their respective counsel, including the Lead Plaintiffs through Lead Counsel, entered into a memorandum of understanding, dated May 12, 2003, which was restated and amended on October 13, 2003, to include the remaining Settling Parties;

WHEREAS, on October 9, 2003, counsel for plaintiffs in the ERISA Actions ("Settling ERISA Plaintiffs' Counsel") filed an amended complaint in the Consolidated ERISA Action alleging violations of ERISA;

WHEREAS, Settling ERISA Plaintiffs' Counsel have represented that they have conducted and completed extensive research, discovery and investigation during the prosecution of the Settling Actions, including without limitation: (1) inspection and analysis of tens of thousands of pages of documents produced by Settling Defendants, pursuant to a Confidentiality Agreement executed by the Settling Parties on and after July 21, 2003 (the "Confidentiality Agreement"); (2) review of Hanover's public filings, press releases and other public statements; (3) interviews of numerous Hanover officers and employees pursuant to the terms of the Confidentiality Agreement; and (4) consultation with accounting and damages consultants;

WHEREAS, Settling ERISA Plaintiffs' Counsel and Settling ERISA Defendants' Counsel have represented that they, on behalf of the Settling ERISA Parties, have engaged in

substantial arm's length negotiations in an effort to resolve all claims that have been or could be asserted in the Consolidated ERISA Action, including conducting numerous meetings and telephone conferences where the terms of the agreements detailed herein were extensively debated and negotiated;

WHEREAS, Settling ERISA Plaintiffs' Counsel represented that they have carefully considered and evaluated, *inter alia*, the relevant legal authorities and evidence to support the ERISA claims asserted against the Settling ERISA Defendants, the likelihood of prevailing on those claims, the Settling ERISA Defendants' respective abilities to pay any judgment, and the likely appeals and subsequent proceedings necessary if the Settling ERISA Plaintiff Class did prevail against the Settling ERISA Defendants, and have concluded that the proposed ERISA Settlement is fair, reasonable, adequate and otherwise in the best interests of the ERISA Plaintiff Class;

WHEREAS, the Settling ERISA Defendants have denied and continue to deny that they have liability as a result of any and all allegations and claims contained in the Consolidated ERISA Action, and are entering into the ERISA Settlement in order to eliminate the burden, distractions, expense and uncertainty of further litigation;

WHEREAS, the Settling ERISA Parties and their counsel believe that the terms and conditions contained in the Stipulation are fair, reasonable and adequate; and

WHEREAS, the parties have submitted for approval the Stipulation and Agreement of Settlement (the "Stipulation"), dated as of October 23, 2003, that has been entered into by, among others, Settling ERISA Plaintiffs' Counsel and Settling ERISA Defendants' Counsel. Based upon the Stipulation and its attached exhibits, the written and oral submissions by the Settling Parties, and all prior papers and proceedings herein, and good cause appearing,

IT IS HEREBY ORDERED:

1.     The Court, for the purposes of this order, adopts all defined terms as set forth in the Stipulation unless otherwise defined herein.

2.     For purposes of effectuating settlement, the Court preliminarily certifies for settlement purposes, pursuant to Rule 23 of the Federal Rules of Civil Procedure, an ERISA Plaintiff Class defined as:   each and every Person who was a participant in the Plan and who, at any time during the Class Period, purchased and/or held Hanover Securities in their accounts in the Plan, and all Persons who hold or held Hanover Securities in the Plan as beneficiaries of any such participants.

3.     With respect to the ERISA Plaintiff Class, this Court preliminarily finds and concludes that the prerequisites for a class action, and for a non-opt out class under Rule 23(b)(1)(b) of the Federal Rules of Civil Procedure in particular, have been satisfied in that: (a) the members of the ERISA Plaintiff Class are so numerous that joinder of all class members is impracticable; (b) there are questions of law and fact common to the ERISA Plaintiff Class which predominate over any individual question; (c) the claims of the named plainitffs are typical of the claims of the ERISA Plaintiff Class; (d) the named plaintiffs and Settling ERISA Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the ERISA Plaintiff Class members; (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly considering: (i) the limited interest of individual members of the ERISA Plaintiff Class in prosecuting the separate actions, (ii) the extent and nature of the litigation concerning the controversy already commenced by members of

the ERISA Plaintiff Class, (iii) the desirability of concentrating the litigation of these claims in this particular forum, and (iv) the absence of difficulties likely to be encountered in the management of the class action; and (f) the prosecution of separate actions by members of the ERISA Plaintiff Class would as a practical matter be dispositive of the interests of the other members and could substantially impair or impede their ability to protect their interests; and (g) Planwide relief under ERISA is part of the ERISA settlement and such relief would be difficult to provide if the ERISA Plaintiff Class could opt out of the ERISA Settlement.

4.     The Court preliminarily approves: (a) Settlement of the Consolidated ERISA Action set forth in the Stipulation including the ERISA Releases and bar order set forth therein; and (b) the proposed ERISA Plan of Allocation set forth in the Notice, subject to further consideration thereof at the Settlement Hearing.

5.     The Court approves as to form and content, and for distribution to members of the ERISA Plaintiff Class, a Notice substantially in the form of Exhibit A hereto and for publication a Summary Notice of Proposed ERISA Settlement ("Summary Notice") in the form of Exhibit B hereto.

6.     Settling ERISA Plaintiffs' Counsel are authorized to act on behalf of the ERISA Plaintiff Class with respect to all acts required by, or which may be appropriate under the Stipulation or such other acts which are reasonably necessary to consummate the proposed ERISA Settlement set forth in the Stipulation.

7.     Settling ERISA Plaintiffs' Counsel are hereby authorized to retain the firm of Gilardi & Company as Claims Administrator to supervise and administer the claims procedures.

8.     Hanover and the Plan, in coordination with Settling ERISA Plaintiffs' Counsel shall make reasonable efforts to identify all Persons who are members of the ERISA Class. Not later

December

than ⎽12⎽ , 2003 (the "Notice Date"), Hanover and the Plan, in coordination with Settling

ERISA Plaintiffs' Counsel, shall cause a copy of the Notice, substantially in the form of Exhibit

A hereto, to be mailed by first class mail to all ERISA Plaintiff Class members who can be

identified with reasonable effort. Not later than seven (7) days prior to the Settlement Hearing,

Settling ERISA Plaintiffs' Counsel shall file and serve an affidavit or declaration describing the

efforts taken to comply with this order and stating that the mailings have been completed in

accordance with the terms of this Order.

9.    Within ten (10) days of the Notice Date, Hanover and the Plan, in coordination with

Settling ERISA Plaintiffs' Counsel, shall cause to be published once in the Investor's Business

Daily, a Summary Notice substantially in the form of Exhibit B hereto. Settling ERISA

Plaintiffs' Counsel shall file with the Court and serve upon Settling ERISA Defendants' Counsel

no later than seven (7) days prior to the Settlement Hearing an affidavit or declaration stating that

the Summary Notice has been published in accordance with the terms of this Order.

10.    The Court finds that dissemination of the Notice in the manner required by

Paragraph 8, and publication of the Summary Notice in the manner required by Paragraph 9,

constitute the best notice practicable under the circumstances to the ERISA Plaintiff Class and

meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the

United States Constitution, and shall constitute due and sufficient notice to all Persons entitled

thereto.

11.    Nominees of Persons who are members of the ERISA Plaintiff Class shall send the

Notice to such beneficial owners of such Hanover Securities within ten (10) days after receipt

thereof, or send a list of the names and addresses of such Persons to the Claims Administrator, in

which event the Claims Administrator promptly shall mail the Notice to such beneficial owners.

DC 528843_1                                    6

Reasonable and actual out of pocket expenses incurred by nominees as a result of this order shall be reimbursed as provided in the Notice.

12.    Any ERISA Plaintiff Class member who supports or objects to the ERISA Settlement, the proposed ERISA Plan of Allocation, or the application of counsel for attorneys' fees and expenses, shall have a right to appear and be heard at the Settlement Hearing. Any ERISA Plaintiff Class member may enter an appearance personally or through counsel of such Settling ERISA Plaintiff Class member's choosing and at such Person's expense. However, no ERISA Plaintiff Class member shall be heard at the Settlement Hearing unless, at least fourteen (14) days prior to the Settlement Hearing, such Person has filed with the Court and served on Settling ERISA Plaintiff's Counsel and Settling ERISA Defendants' Counsel (as provided in the Notice) a written notice of objection and their grounds for opposing the ERISA Settlement, ERISA Plan of Allocation, or application for attorneys' fees and expenses along with proof of membership in the ERISA Plaintiff Class. The manner in which a notice of objection must be prepared, filed, and delivered shall be stated in the Notice. Only members of the ERISA Plaintiff Class who have filed and served valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing in opposition to the Settlement. Any ERISA Plaintiff Class member who does not timely file and serve a written objection complying with such requirement shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the ERISA Settlement.

13.    A Settlement Hearing will be held on February 6 , 2004 at 2:30 P.M. . before this Court in the United States Courthouse, 515 Rusk Avenue, Houston, Texas, to determine:  (A) whether the Court should certify for Settlement purposes the ERISA Actions to proceed as a class action on behalf of the ERISA Plaintiff Class; (B) whether

the proposed ERISA Settlement should be approved by the Court; (C) whether the proposed ERISA Plan of Allocation is fair, reasonable, adequate and in the best interest of the ERISA Plaintiff Class; and (D) whether an Order and Final Judgment should be entered finally resolving the ERISA Actions.The Court may adjourn or continue the Settlement Hearing without further notice to the ERISA Plaintiff Class.

14.    No later than seven (7) days before the Settlement Hearing, all briefs supporting the ERISA Settlement, the ERISA Plan of Allocation, and any request for attorneys' fees and expenses shall be served and filed.

15.    At or after the Settlement Hearing, the Court will determine whether Settling ERISA Plaintiffs' Counsel's proposed Plan of Allocation should be approved.

16.    At or after the Settlement Hearing, the Court will determine whether the application of Settling ERISA Plaintiffs' Counsel for an award of attorneys' fees and expenses should be approved.

17.    The establishment of the ERISA Settlement Fund in accordance with the terms of the Stipulation, is hereby approved and such ERISA Settlement Fund shall constitute a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B -1.

18.    No Person that is not an ERISA Plaintiff Class member or Settling ERISA Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the ERISA Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

19.    The ERISA Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court in accordance with the Stipulation, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation, the ERISA Plan of Allocation and/or further order(s) of the Court.

20.   The Claims Administrator, appointed by and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by ERISA Plaintiff Class Members and shall oversee distribution of the ERISA Settlement Fund to the Authorized ERISA Claimants in accordance with the terms of the Stipulation.

21.   Neither Settling ERISA Defendants nor Settling ERISA Defendants' Counsel shall have any responsibility for (a) the ERISA Plan of Allocation submitted by Settling ERISA Plaintiffs' Counsel; or (b) any application for attorneys' fees, costs or expenses submitted by Settling ERISA Plaintiffs' Counsel, and such issues shall be considered separately from the fairness, reasonableness and adequacy of the ERISA Settlement.

22.   The Court authorizes payment out of the ERISA Settlement Cash Fund of the tax expenses described in Sections 7.3 of the Stipulation.  After the Effective Date, the administration costs payable out of the ERISA Settlement Cash Fund may be disbursed without the necessity of a court order in accordance with Section 9 of the Stipulation.

23.   Pending resolution of these Settlement proceedings, no other action now pending or hereafter filed arising out of all or any part of the subject matter of the Consolidated ERISA Action shall be maintained, and all members of the ERISA Plaintiff Class are hereby enjoined during the pendency of these Settlement proceedings from filing or prosecuting purported class actions against any Released ERISA Party or their Related Persons with respect to any of the Released ERISA Claims.  This injunction shall not apply to the Securities Plaintiff Class claims against PwC, nor shall it apply to claims by Settling Derivative Plaintiffs or the Settling Securities Plaintiff Class, as further identified in the Stipulation, which are addressed by separate orders.

24.     The Settling ERISA Parties are hereby directed to comply with the terms of the Confidentiality Order.

25.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Settling ERISA Defendants of the truth of any of the allegations in the ERISA Actions, or of any liability, fault, or wrongdoing of any kind, or by any member of the Settling ERISA Plaintiffs of the merit of any defense or lack of merit of any claim.

DATE: December 5, 2003

_____
The Honorable Vanessa D. Gilmore
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PIRELLI ARMSTRONG TIRE | § | Civil Action No. |
| CORPORATION RETIREE MEDICAL | § | H-02-0410 |
| BENEFITS TRUST, *et al.*, On Behalf of | § | (Consolidated) |
| Themselves and All Others Similarly Situated, | § | Hon. Vanessa D. Gilmore |
| | § | |
| Plaintiffs, | § | CLASS ACTION |
| | § | |
| vs. | § | |
| | § | |
| HANOVER COMPRESSOR COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

NOTICE OF PENDENCY OF ERISA CLASS ACTION AND PROPOSED ERISA
CLASS ACTION SETTLEMENT

TO:  ALL PERSONS WHO WERE PARTICIPANTS IN THE HANOVER
COMPANIES RETIREMENT SAVINGS PLAN (OR SUCH PARTICIPANTS'
BENEFICIARIES) WHO PURCHASED AND/OR HELD HANOVER SECURITIES IN
THE PLAN DURING THE PERIOD MAY 4, 1999 THROUGH DECEMBER 23, 2002,
INCLUSIVE.

PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. YOUR RIGHTS
MAY BE AFFECTED. YOU MAY BE ENTITLED TO RECEIVE BENEFITS
PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED HEREIN.

PLEASE FIND THE DEFINITION OF CAPITALIZED TERMS IN THE SECTION OF
THIS NOTICE ENTITLED "DEFINITIONS."

PURPOSE OF THIS NOTICE

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure
and by Order of the Court dated _____. The purpose of this Notice is to inform you that
a Settlement Hearing will be held on _____ before the Honorable Vanessa D. Gilmore,
United States District Court for the Southern District of Texas, Houston Division, 515
Rusk Avenue, Houston, Texas 77002 to determine:  (A) whether the Court should certify,
for settlement purposes, the ERISA Action to proceed as a class action on behalf of the
ERISA Class; (B) whether the proposed ERISA Settlement should be approved by the
Court; (C) whether the proposed Plan of Allocation of the ERISA Settlement Fund is fair,
reasonable, adequate and in the best interest of the ERISA Class; and (D) whether an
Order and Final Judgment should be entered finally resolving the Actions.

528840

THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF ANY CLAIMS OR ANY DEFENSES ASSERTED BY ANY PARTY IN THE ACTION, OR THE FAIRNESS OR ADEQUACY OF THE PROPOSED SETTLEMENT.

## DEFINITIONS

1.      "Actions" means *Kirkley v. Hanover Co., et al.*, Case No. H-03-1155, *Angleopoulos v. Hanover Compressor Co., et al.*, Case No. H-03-1064 and *Freeman v. Hanover Compressor Co., et al.*, Case No. H-3-1095.

2.      "Claims Administrator" means the firm of Gilardi & Company.

3.      "Class Period" means the period May 4, 1999 through December 23, 2002, inclusive.

4.      "Court" means the United States District Court for the Southern District of Texas.

5.      "Effective Date" means, with respect to the ERISA Action, the date of completion of the following: (i) entry of an Order and Final Judgment, which approves in all material respects (x) the dismissal of the claims that have been or could be asserted in the ERISA Action and (y) the releases and bar orders provided for in the Stipulation with respect to the ERISA Action and (ii) either (x) expiration of the time to appeal or otherwise seek review of the Order and Final Judgment which approves, in all material respects, the settlement of the ERISA Action as provided in the Stipulation, without any appeal having been taken or review sought, or (y) if an appeal is taken or review sought, the expiration of five (5) days after an appeal or review shall have been dismissed or finally determined by the highest court before which appeal, or review is sought and which affirms the material terms of such appealed settlement and/or an Order and Final Judgment and is not subject to further judicial review:  provided, however, that any award of attorneys' fees or costs shall not be considered a material provision of the Order and Final Judgment and any appeal of any such award shall not delay the Effective Date and any modification as a result of such appeal shall not be considered a modification of a material term.

6.      "ERISA" means the Employee Retirement Income Security Act of 1974, as amended.

7.      "ERISA Action" means *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust, et al. v. Hanover Compressor Co., et al.*, Case No. H-02-0410 for which an amended complaint for violation of ERISA was filed on October 9, 2003.

8.      "ERISA Class" or "ERISA Class Member" as context requires, means all persons who were participants in the Plan (or such participants' beneficiaries) who purchased and/or held Hanover Securities in their Plan accounts during the Class Period.

DC528840                                                      2