CLERK, ... COURT
SOUTHERN D... OF TEXAS
FILED
2-6-04
..., ..., CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PIRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL BENEFITS TRUST, *et al.*, On Behalf of Themselves and All Others Similarly Situated, | § § § § § | Civil Action No. H-02-0410 (Consolidated) Hon. Vanessa D. Gilmore |
| Plaintiffs, | § | CLASS ACTION |
| vs. | § § | |
| HANOVER COMPRESSOR COMPANY, *et al.* | § § § | |
| Defendants. | § § | |

United States Courts
Southern District of Texas
ENTERED

FEB 0 9 2004

Michael N. Milby, Clerk of Court

## [PROPOSED] ORDER AND FINAL JUDGMENT

WHEREAS, on or after March 26, 2003, putative ERISA class action lawsuits were filed in this Court by the plaintiffs on behalf of themselves and others similarly situated in *Kirkley v. Hanover Co., et al.*, Case No. H-03-1155, *Angleopoulos v. Hanover Compressor Co., et al.*, Case No. H-03-1064 and *Freeman v. Hanover Compressor Co., et al.*, Case No. H-3-1095 (collectively, the "ERISA Actions") in the United States District Court for the Southern District of Texas (The "Court");

WHEREAS, by Order dated August 1, 2003, the Court consolidated the ERISA Actions with the Consolidated Securities Actions under the caption *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust, et al. v. Hanover Compressor Co., et al.*;

WHEREAS, on October 9, 2003, the ERISA Plaintiffs filed an Amended Consolidated Complaint for Breach of Fiduciary Duty and Violation of ERISA Disclosures Requirements;



152

WHEREAS, the Court, by order dated December 5, 2003, preliminarily approved: (1) the certification of the ERISA Plaintiff Class for settlement purposes, (2) the ERISA Settlement set forth in the Stipulation dated as of October 23, 2003, and (3) the form and manner of notice to the ERISA Plaintiff Class;

WHEREAS, the shares of Hanover Common Stock to be paid to the Settlement Fund by Hanover and GKH (defined in the Stipulation as the "Settlement Shares"), which are to be paid and delivered in partial consideration for the exchange of the Released Claims by the Settling ERISA Plaintiff Class, will be issued without registration under the Securities Act of 1933, as amended, pursuant to the exemption from registration provided in Section 3(a)(10) of the Securities Act of 1933, as amended, based upon the Court's approval of the ERISA Settlement, and the Court was so advised before the hearing for final approval of the ERISA Settlement;

WHEREAS, this matter came before the Court for hearing on the application of the parties for final approval of the ERISA Settlement with due and adequate notice having been provided to the ERISA Plaintiff Class, and the Court having considered all papers filed and proceedings had herein, and good cause appearing, therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation unless otherwise defined herein.

2. This Court has jurisdiction over the subject matter of the ERISA Actions and over all parties thereto.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies for settlement purposes, an ERISA Plaintiff Class defined as: each and every

Person who was a participant in the Plan and who, at any time during the Class Period, purchased and/or held Hanover Securities in their accounts in the Plan, and all Persons who hold or held Hanover Securities in the Plan as beneficiaries of any such participants.

4. With respect to the ERISA Plaintiff Class, this Court finds and concludes that the prerequisites for a class action, and for a non-opt out class under Rule 23(b)(1)(b) of the Federal Rules of Civil Procedure in particular, have been satisfied in that: (a) the members of the ERISA Plaintiff Class are so numerous that joinder of all class members is impracticable; (b) there are questions of law and fact common to the ERISA Plaintiff Class which predominate over any individual question; (c) the claims of the named plaintiffs are typical of the claims of the ERISA Plaintiff Class; (d) the named plaintiffs and ERISA Plaintiff Class Counsel have fairly and adequately represented and protected the interests of the ERISA Plaintiff Class members; (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly considering: (i) the limited interest of individual members of the ERISA Plaintiff Class in prosecuting the separate actions, (ii) the extent and nature of the litigation concerning the controversy already commenced by members of the ERISA Plaintiff Class, (iii) the desirability of concentrating the litigation of these claims in this particular forum, and (iv) the absence of difficulties likely to be encountered in the management of the class action; and (f) the prosecution of separate actions by members of the ERISA Plaintiff Class would as a practical matter be dispositive of the interests of the other members and could substantially impair or impede their ability to protect their interests; and (g) Planwide relief under ERISA is part of the ERISA Settlement and such relief would be difficult to provide if the ERISA Plaintiff Class could opt out of the ERISA Settlement.

5. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and other applicable federal and state law (including Section 3(a)(10) of the Securities Act of 1933, as amended), this Court hereby finally approves the ERISA Settlement in all respects, as set forth in the Stipulation, and finds that said Settlement (including the terms and conditions of the exchange of the Released Claims for the Settlement Shares and other consideration to be paid to, and distributed to the Settling ERISA Plaintiff Class by, the Settlement Fund) is fair, reasonable, and adequate (procedurally and substantively) in light of the complexity, expense, duration and uncertainties of litigation. The Court further finds the Settlement is the result of arms length negotiations between experienced counsel. The Court further finds that the securities that are part of the Settlement consideration are exempt from registration pursuant to Section 3(a)(10) of the Securities Act, and such securities are, therefore, not "restricted" securities and are freely tradeable. The Settling ERISA Parties are hereby directed to consummate the ERISA Settlement in accordance with the terms of the Stipulation.

6. The amended complaint in the ERISA Actions, and each claim therein, is dismissed with prejudice as to all defendants.

7. Upon the effective Date, the Settling ERISA Plaintiff Class, (and each of their respective successors, predecessors, assigns, attorneys (including Settling ERISA Plaintiffs' Counsel), heirs, representatives, administrators, legatees, executors and estates, by operation of this Order and Judgment, release and forever discharge any and all claims, rights and causes of action, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including Unknown Claims, that have been, could have been, or in the future might be or could be asserted in any form or forum against any of the Released ERISA Parties in connection with or that exist, could have existed, or may arise as to the transactions, matters or

occurrences, representations or omissions, involved, set forth, referred to, or which relate in any way to the facts of and allegations contained in the ERISA Actions including, but not limited to, claims for negligence, gross negligence, professional negligence, breach of duty of care and/or breach of duty of loyalty and/or breach of duty of candor, fraud, breach of fiduciary duty, mismanagement, corporate waste, malpractice, breach of contract, negligent or willful misrepresentation, and violations of ERISA or other state or federal statutes, rules or regulations, provided, however, that the releases shall be limited to matters pertaining to the Plan that were or could have been prosecuted on a Plan-wide or Class-wide basis.

8. Upon the Effective Date, the Settling ERISA Defendants and GKH and each of their respective successors, predecessors, assigns, attorneys (including Settling ERISA Plaintiffs' Counsel), heirs, representatives, administrators, legatees, executors and estates, by operation of this Order and Final Judgment, release and forever discharge any and all claims, rights and cause of action, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, and whether known or unknown, that have been, could have been, or in the future might be asserted in any form or forum against any member of the Settling ERISA Plaintiff Class or any of the Settling ERISA Plaintiffs' Counsel in the ERISA Actions in connection with or that exist, could have existed, or may arise as to the institution, prosecution or settlement of any and all claims asserted in the ERISA Actions, including, but not limited to, any action for costs or attorneys' fees.

9. The Settling ERISA Parties are to bear their own costs, except as otherwise provided in the Stipulation.

10. All Persons, specifically including but not limited to PwC are permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting or maintaining,

either directly, indirectly, representatively or in any other capacity, any claim, counterclaim, cross-claim, third-party claim or other action against any of the Released ERISA Parties arising out of, based upon or relating to the transactions and occurrences referred to in the facts and allegations contained in the ERISA Actions, including without limitation any claim or action seeking indemnification and/or contribution, however denominated, and any claim or action whether legal or equitable in nature, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, or for damages or permitted costs and expenses (including attorneys' fees). All such claims and actions are hereby extinguished, discharged, satisfied and unenforceable. This bar order shall not apply to any indemnification obligations owed by Hanover under its by-laws or Articles of Incorporation to the other Settling Defendants.

11. To the extent that any member of the Settling ERISA Plaintiff Class obtains a final verdict or judgment against a defendant other than a Released ERISA Party in any of the ERISA Actions or in any other action arising out of, based upon or relating to the transactions and occurrences referred to in the complaints in the ERISA Actions, such verdict or judgment shall be reduced (up to the amount of such verdict or judgment) by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Released ERISA Parties for the liability at issue; or (b) the amount paid to plaintiffs by the Released ERISA Parties in respect of the liability at issue. No Settling ERISA Plaintiff Class member and no Settling ERISA Plaintiffs' Counsel shall settle any claim against a Non-Settling Defendant without also obtaining from such Non-Settling Defendant a release running in favor of every Released ERISA Party that is at least as broad as the ERISA Releases.

12. The notice given to the ERISA Plaintiff Class, including the individual notice to all members of the ERISA Plaintiff Class who could be identified through reasonable effort,

6

provided the best notice practicable under the circumstances. Said notices provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the class certification, the proposed ERISA Settlement set forth in the Stipulation, and the Settlement Hearing to all Persons entitled to such notices, and said notices fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the United States Constitution, and any other applicable law.

13. Neither the Stipulation nor the ERISA Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims or of any wrongdoing or liability of any of the Released ERISA Parties; (b) is or may deemed to be or may be used as an admission of, or evidence of, any fault or omission of any or all of the Released ERISA Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; and/or (c) is or may be alleged or mentioned in any litigation or other action unrelated to the enforcement of this Stipulation. Settling ERISA Defendants may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Court finds that during the course of the ERISA Actions, the Settling ERISA Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15. The consideration of the ERISA Plan of Allocation submitted by Settling ERISA Plaintiffs' Counsel and the applications for attorneys' fees and expenses shall in no way disturb or affect this Order and Final Judgment and may be considered separate from this Order and Final Judgment.

16. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over the implementation and enforcement of the ERISA Settlement, including hearing and determining applications for attorneys' fees and costs.

17. The Claims Administrator is hereby appointed, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, to administer and calculate the claims submitted by Settling ERISA Plaintiffs and shall oversee distribution of the ERISA Settlement Fund to the Authorized ERISA Claimants.

18. In the event that the ERISA Settlement does not become effective in accordance with the terms of the Stipulation then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19. There is not just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATE: February 6, 2004

_____
The Honorable Vanessa D. Gilmore
United States District Judge