CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

2-6-04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BY DEPUTY

| | |
|---|---|
| PIRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL BENEFITS TRUST, et al., On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> HANOVER COMPRESSOR COMPANY, et al. <br><br> Defendants. | § Civil Action No. <br> § H-02-0410 <br> § (Consolidated) <br> § Hon. Vanessa D. Gilmore <br> § <br> § CLASS ACTION <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

United States Courts
Southern District of Texas
ENTERED

FEB 0 9 2004

Michael N. Milby, Clerk of Court

[PROPOSED] ORDER AND FINAL JUDGMENT
VDG

WHEREAS, on September 5, 2003, Lead Plaintiffs filed the Consolidated Federal Securities Complaint on behalf of themselves and all others similarly situated against certain of the Settling Securities Defendants and PwC;

WHEREAS, the Court, by order dated December 5, 2003, preliminarily approved: (1) the certification of the Securities Plaintiff Class for settlement purposes, (2) the Securities Settlement set forth in the Stipulation dated as of October 23, 2003 (the "Stipulation"), and (3) the form and manner of Notice to the Securities Plaintiff Class;

WHEREAS, the securities to be paid to the Settlement Fund (including the Settlement Shares), which are to be issued and delivered as part of the consideration in exchange for the release of the Released Securities Claims by the Settling Securities Plaintiff Class and its counsel, will be issued without registration under the Securities Act, pursuant to the exemption from registration provided in Section 3(a)(10) of the Securities Act, based upon the Court's

153

approval of the Securities Settlement, and the Court was so advised before the hearing for final approval of the Securities Settlement;

WHEREAS, this matter came before the Court for hearing on the application of the parties for final approval of the Securities Settlement with due and adequate notice having been provided to the Securities Plaintiff Class, and the Court having considered all papers filed and proceedings had herein, and good cause appearing, therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Consolidated Securities Action and over all parties thereto.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies a Settling Securities Plaintiff Class defined as: All Persons who purchased Hanover Securities during the Class Period (including participants in the Plan who, during the Class Period, purchased Hanover Securities in their accounts in the Plan or acquired Hanover Securities through employer matching contributions) other than (a) those individuals who were officers and/or directors of Hanover during the Class Period and (i) their affiliates, and (ii) members of their immediate families, (b) officers and/or directors of Hanover at the Effective Date and (i) their affiliates and (ii) members of their immediate families, (c) the Settling Securities Defendants and (i) their affiliates and (ii) members of their immediate families, (d) Schlumberger and its subsidiaries, (e) GKH and its subsidiaries and affiliates, (f) the Plan, and (g) those members of the Securities Plaintiff Class who timely and validly excluded

themselves from participating in the Securities Settlement, pursuant to the Request for Exclusion procedure specified in the Notice.

4. This Court finds and concludes that the prerequisites for a class action have been satisfied in that: (a) the members of the Settling Securities Plaintiff Class are so numerous that joinder of all the members of the Settling Securities Plaintiff Class is impracticable; (b) there are questions of law and fact common to the Settling Securities Plaintiff Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Securities Plaintiff Class; (d) the Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settling Securities Plaintiff Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and other applicable federal and state law (including Section 3(a)(10) of the Securities Act), this Court hereby finally approves the Securities Settlement in all respects, as set forth in the Stipulation, and finds that said Settlement in all aspects (including the terms and conditions of the exchange of the Released Securities Claims for the securities and other consideration to be paid to, and distributed to the Settling Securities Plaintiff Class and its counsel) is fair, reasonable, and adequate (procedurally and substantively) to the Lead Plaintiffs and members of the Settling Securities Plaintiff Class, in light of the complexity, expense, duration and uncertainties of continued litigation, the discovery and investigation conducted, and the risk and difficulty of establishing liability, causation and damages. This Court further finds the settlement is the result of arms' length negotiations between experienced counsel representing the interests of the Settling Securities Parties. The Court further finds that the securities that are part of the Settlement consideration, including the Hanover Settlement Shares and the GKH Settlement Shares, are to be issued or paid, as the case

may be, by Hanover and GKH in exchange for bona fide outstanding claims, and all Persons to whom it is proposed to issue any such securities have had the right to appear at the Settlement Hearing on the fairness of the Settlement. Accordingly, the issuance or payment, as the case may be, of the securities that are a part of the Settlement consideration (including the Hanover Settlement Shares and the GKH Settlement Shares) are exempt from registration pursuant to Section 3(a)(10) of the Securities Act, and such securities are, therefore, not "restricted" securities and are freely tradable. The Settling Securities Parties are hereby directed to consummate the Securities Settlement in accordance with the terms of the Stipulation.

6. Upon the Effective Date, the Consolidated Securities Action, and each claim asserted therein, is dismissed with prejudice as to all defendants therein except PwC, its partners, and its employees.

7. Upon the Effective Date, the Settling Securities Plaintiff Class, and each of their respective successors, predecessors, assigns, attorneys (including Lead Counsel), heirs, representatives, administrators, executors, devisees, legatees, and estates, by operation of this Order and Final Judgment release and forever discharge any and all claims, rights and causes of action, direct and derivative, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including, without limitation, Unknown Claims, claims under ERISA and claims under federal and state securities laws, that have been, could have been, or in the future might be or could be asserted in any form and in any forum against any of the Released Securities Parties that exist, could have existed, or may arise in connection with or that relate to both (i) the purchase or sale or holding of any Hanover Securities and (ii) any of the transactions (including the registration of securities and any failure to deliver prospectuses) matters or occurrences, or representations or omissions involved, set forth, referred to, or which

4

relate in any way to the facts or allegations contained in or which could have been contained in the Consolidated Securities Action (including all such claims which arise under state or federal securities laws and accrued or are based on acts or omissions occurring during or prior to the end of the Class Period). This release shall not apply to any claims of the members of the Settling Securities Plaintiff Class against PwC, its partners or employees, including the claims asserted in the Consolidated Securities Action.

8. Upon the Effective Date, the Settling Securities Defendants and each of their respective successors, predecessors, assigns, attorneys (including Settling Securities Defendants' Counsel), heirs, representatives, legatees, devisees, administrators, executors and estates by operation of this Order and Final Judgment release and forever discharge any and all claims, rights and causes of action, direct and derivative, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, and whether known or unknown, that have been, could have been, or in the future might be asserted in any form or forum against any member of the Settling Securities Plaintiff Class or its counsel, including Lead Counsel that exist, could have existed, or may arise in connection with or that relate to the institution, prosecution or settlement of any and all claims asserted in the Consolidated Securities Action, including, but not limited to, any action for costs or attorneys' fees.

9. The Settling Securities Parties are to bear their own costs, except as otherwise provided in the Stipulation.

10. All Persons, specifically including but not limited to PwC, other than those Persons that timely and properly excluded themselves from the Settling Securities Plaintiff Class, are permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting or maintaining, either directly, indirectly, representatively or in any other capacity, any claim,

counterclaim, cross-claim, third-party claim or other action against any of the Released Securities Parties arising out of, based upon or relating to the transactions and occurrences referred to in the facts and allegations contained in the Consolidated Securities Action, including without limitation any claim or action seeking indemnification or contribution, however denominated, and any claim or action, whether legal or equitable in nature, known or unknown, foreseen or unforeseen, accrued or unaccrued, matured or unmatured, or for damages or permitted costs and expenses (including attorneys' fees). All such claims and actions are hereby extinguished, discharged, satisfied and unenforceable. This bar order shall not apply to any indemnification obligations owed by Hanover under its by-laws or Articles of Incorporation to the other Settling Securities Defendants.

11. To the extent that any Settling Securities Plaintiff obtains a final verdict or judgment against PwC based on claims arising out of, based upon or relating to the transactions and occurrences referred to in the facts and allegations contained in the Consolidated Securities Action, such final verdict or judgment against PwC shall be reduced (up to the amount of such verdict or judgment) by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Released Securities Parties for the liability at issue; or (b) the amount paid to settle the Consolidated Securities Action pursuant to this Stipulation. No Settling Securities Plaintiff shall settle any claim against PwC without also obtaining from PwC a release running in favor of every Released Securities Party that is at least as broad as the Securities Release contained in the Stipulation.

12. The notice given to the Securities Plaintiff Class was the best notice practicable under the circumstances, including the individual notice to all members of the Securities Plaintiff Class who could be identified through reasonable effort. Said notices provided the best notice

practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Securities Settlement set forth in the Stipulation, and the Settlement Hearing to all Persons entitled to such notices, and said notices fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), the requirements of Section 3(a)(10) of the Securities Act, and any other applicable law.

13. Neither the Stipulation nor the Securities Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Securities Claim or of any wrongdoing or liability of any of the Released Securities Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any or all of the Released Securities Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; and/or (c) is or may be alleged or mentioned so as to contravene clause (a) above in any litigation or other action unrelated to the enforcement of the Stipulation. Settling Securities Defendants may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Court finds that during the course of the Actions,, the Settling Securities Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15. The consideration of the Securities Plan of Allocation submitted by Lead Counsel and the application(s) for attorneys' fees and expenses shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment.

16. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over all parties hereto for the purposes of the implementation, enforcement, and administration of the Securities Settlement, including hearing and determining applications for attorneys' fees and expenses.

17. The Claims Administrator, appointed by the Court and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settling Securities Plaintiffs and shall oversee distribution of the Settlement Fund to the Authorized Securities Claimants.

18. In the event that the Securities Settlement does not become effective in accordance with the terms of the Stipulation then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATE: February 6, 2004

_____
The Honorable Vanessa D. Gilmore
United States District Judge