CLERK OF DISTRICT COURT
OF TEXAS

2-6-04

BY, CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PIRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL BENEFITS TRUST, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HANOVER COMPRESSOR COMPANY, et al.<br><br>Defendants. | § Civil Action No.<br>§ H-02-0410<br>§ (Consolidated)<br>§ Hon. Vanessa D. Gilmore<br>§<br>§ CLASS ACTION<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

United States Courts
Southern District of Texas
ENTERED

FEB 0 9 2004

Michael N. Milby, Clerk of Court

## [PROPOSED] ORDER AND FINAL JUDGMENT

WHEREAS, the Federal Derivative Actions are presently pending before this Court;

WHEREAS, the Court, by order dated December 5, 2003, preliminarily approved: (1) the Derivative Settlement set forth in the Stipulation of Settlement dated as of October 23, 2003 (the "Stipulation"), and (2) the form and manner of Notice to the record owners of Hanover Common Stock as of May 12, 2003 ("Hanover Shareholders");

WHEREAS, the shares of Hanover Common Stock to be paid to the Settlement Fund by Hanover and GKH (defined in the Stipulation as the "Settlement Shares"), which are to be paid and delivered in partial consideration for the exchange of the Released Claims by the Settling Derivative Plaintiffs and the Settling Derivative Plaintiffs' Counsel, will be issued without registration under the Securities Act of 1933, as amended, pursuant to the exemption from registration provided in Section 3(a)(10) of the Securities Act of 1933, based upon the Court's


154

approval of the Derivative Settlement, and the Court was so advised before the hearing for final approval of the Derivative Settlement;

WHEREAS, this matter came before the Court for hearing on the application of the parties for final approval of the Derivative Settlement, with due and adequate notice having been provided to the Hanover Shareholders, and the Court having considered all papers filed and proceedings had herein, and good cause appearing, therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Consolidated Derivative Actions and over all parties thereto.

3. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and other applicable federal and state law (including Section 3(a)(10) of the Securities Act of 1933, as amended), this Court hereby finally approves the Derivative Settlement in all respects, as set forth in the Stipulation, and finds that said Settlement (including the terms and conditions of the exchange of the Released Claims for the Settlement Shares and other consideration to be paid to, and distributed to the Settling Derivative Plaintiffs and the Settling Derivative Plaintiffs' Counsel by the Settlement Fund) is fair, reasonable, and adequate (procedurally and substantively) to Hanover and its shareholders in light of the complexity, expense, duration and uncertainties of litigation. The Court further finds the Settlement is the result of arms' length negotiations between experienced counsel. The Court further finds that the securities that are part of the Settlement consideration are exempt from registration pursuant to Section 3(a)(10) of the

Securities Act, and such securities are, therefore, not "restricted" securities and are freely tradeable. The Settling Derivative Parties are hereby directed to consummate the Derivative Settlement in accordance with the terms of the Stipulation.

4. The Federal Derivative Actions and all claims asserted therein are dismissed with prejudice.

5. Upon the Effective Date, the Settling Derivative Plaintiffs, Hanover, and Hanover Shareholders, and each of their respective successors, predecessors, assigns, attorneys (including Settling Derivative Plaintiff's Counsel), heirs, representatives, legatees, devisees, administrators, executors, and estates, by operation of this Order and Judgment, release and forever discharge any and all claims, rights and causes of action, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including, without limitation, Unknown Claims and claims under ERISA, Delaware statutory and common law, federal and state securities laws and claims under any law governing fiduciaries or the duties of fiduciaries, that have been, could have been, or in the future might be or could be asserted in any form and in any forum by Settling Derivative Plaintiffs or Hanover Shareholders against any of the Released Derivative Parties on behalf of Hanover that exist, could have existed, or may arise in connection with or that relate to the transactions (including the registration of securities and any failure to deliver prospectuses), matters or occurrences, or representations or omissions involved, set forth, referred to, or which relate in any way to the facts or allegations contained in or which could have been contained in the Derivative Actions, (including, but not limited to, breach of any duty owed to Hanover, including the duty of care, loyalty and good faith).

6. The Settling Derivative Defendants and each of their respective successors, predecessors, assigns, attorneys (including Settling Derivative Defendants' Counsel), heirs,

representatives, administrators, legatees, devisees, executors and estates, by operation of this Order and Judgment, release and forever discharge any and all claims, rights and cause of action, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, and whether known or unknown, that have been, could have been, or in the future might be asserted in any form or forum against any of the Settling Derivative Plaintiffs or any of the Settling Derivative Plaintiffs' Counsel in the Derivative Actions in connection with or that exist, could have existed, or may arise in connection with or relate to the institution, prosecution or settlement of any and all claims asserted in the Derivative Actions, including, but not limited to, any action for costs or attorneys' fees.

7. The Settling Derivative Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. All Persons, specifically including but not limited to PwC, are permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting or maintaining, either directly, indirectly, representatively or in any other capacity, any claim, counterclaim, cross-claim, third-party claim or other action against any of the Released Derivative Parties arising out of, based upon or relating to the transactions and occurrences referred to in the facts and allegations contained in the Derivative Actions, including without limitation any claim or action seeking indemnification or contribution, however denominated, and any claim or action, whether legal or equitable in nature, known or unknown, foreseen or unforeseen, accrued or unaccrued, matured or unmatured, or for damages or permitted costs and expenses (including attorneys' fees). All such claims and actions are hereby extinguished, discharged, satisfied and unenforceable. This bar order shall not apply to any indemnification obligations owed by Hanover under its by-laws or Articles of Incorporation to the other Settling Defendants.

9. A final verdict or judgment against a defendant other than a Released Derivative Party in the Settling Derivative Actions or in any other action arising out of, based upon or relating to the transactions and occurrences referred to in the complaints in the Derivative Actions shall be reduced (up to the amount of such verdict or judgment) by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Released Derivative Parties for the liability at issue; or (b) the amount paid to plaintiffs by the Released Derivative Parties in respect of the liability at issue. No Settling Derivative Plaintiff may settle any claim against PwC without also obtaining from PwC a release running in favor of every Released Derivative Party that is at least as broad as the Derivative Release.

10. The Notice given to Hanover Shareholders was the best notice practicable under the circumstances, including the individual notice to all Hanover Shareholders who could be identified through reasonable effort. Said notices provided the best notice practicable under the circumstances of those preoceedings and of the matters set forth herein, including the proposed Derivative Settlement and the Settlement Hearing, and said notices fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, the requirements of due process, and any other applicable law.

11. Neither the Stipulation nor the Derivative Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Derivative Claim or of any wrongdoing or liability of any of the Released Derivative Parties; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any or all of the Released Derivative Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

and/or (c) is or may be alleged or mentioned in any litigation or other action unrelated to the enforcement of the Stipulation. Settling Derivative Defendants may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. The Court finds that during the course of the Derivative Actions, the Settling Derivative Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

13. The applications for attorneys' fees and expenses shall in no way disturb or affect this Order and Final Judgment and may be considered separate from this Order and Judgment.

14. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over all parties hereto for the purposes of the implementation, enforcement, and administration of the Derivative Settlement, including hearing and determining applications for attorneys' fees and costs.

15. The Claims Administrator is hereby appointed by the Court and made subject to such supervision and direction of the Court as may be necessary or as circumstances may require.

16. In the event that the Derivative Settlement does not become effective in accordance with the terms of the Stipulation then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. There is not just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATE: February 6, 2004

_____
The Honorable Vanessa D. Gilmore
United States District Judge