UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PIRELLI ARMSTRONG TIRE | § | Civil Action No. H-02-0410 |
| CORPORATION RETIREE MEDICAL | § | **(Consolidated)** |
| BENEFITS TRUST, et al., On Behalf of | § | |
| Themselves and All Others Similarly Situated, | § | <u>CLASS ACTION</u> |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| PRICEWATERHOUSECOOPERS LLP, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement dated as of December 29, 2006 (the "Stipulation"), is made and entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure and contains the terms of a settlement (the "Settlement") by and among the following Settling Parties (as defined further in §IV hereof) to the above-entitled Litigation: (i) the Lead Plaintiff (on behalf of itself and each of the Settlement Class Members), by and through its counsel of record in the Litigation; and (ii) the Settling Defendant, by and through its counsel of record in the consolidated securities action.  The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined in ¶1.14), upon and subject to the terms and conditions hereof and subject to the approval of this Court.

## I.      THE LITIGATION

On and after February 4, 2002, securities Class Actions were filed by the plaintiffs named therein on behalf of themselves and all others similarly situated in the United States District Court for the Southern District of Texas (the "Federal Court"), entitled *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust, et al. v. Hanover Compressor Company, et al.*, Case No. H-02-0410, *McBride v. Hanover Compressor*, Case No. H-02-0431, *Koch v. Hanover Compressor*, Case No. H-02-0441, *Schneider v. Hanover Compressor*, Case No. H-02-0491, *Goldstein v. Hanover Compressor*, Case No. H-02-0526, *Noyes v. Hanover Compressor*, Case No. H-02-0574, *Rocha v. Hanover Compressor*, Case No. H-02-0594, *Peck v. Hanover Compressor*, Case No. H-02-0627, *Mueller v. Hanover Compressor*, Case No. H-02-0652, *Langhoff v. Hanover Compressor*, Case No. H-02-0764, *Fox v. Hanover Compressor*, Case No. H-02-0815; *Rosen v. Goldberg*, Case No. H-02-0959, *Detectives Endowment v. Hanover Compressor*, Case No. H-02-1016, *Montag v. Hanover Compressor*, Case No. 11-02-1030 and *Anderson v. Hanover Compressor*, Case No. 11-02-2306 (collectively, the "Securities Actions").  By Order dated March 28, 2002, the Federal Court

consolidated the Securities Actions under the caption *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust, et al. v. Hanover Compressor, et al.* (the "Consolidated Securities Action").

On October 4, 2004, plaintiffs filed their Second Amended Complaint for Violations of the Federal Securities Laws, asserting claims under Section 10(b) of the Securities Exchange Act of 1934, SEC Rule 10b-5, and Section 11 of the Securities Act of 1933, arising out of PricewaterhouseCoopers, LLP's ("PwC") work as independent auditor for Hanover Compressor Company.  On September 30, 2005, the Court adopted the August 26, 2005 Memorandum and Recommendation on the Motion to Dismiss by Defendant PricewaterhouseCoopers, L.L.C., [sic] (the "Report and Recommendation") granting, in part, and denying, in part, PwC's motion to dismiss Lead Plaintiff's claims.  The Report and Recommendation dismissed, with prejudice, Lead Plaintiff's claims pursuant to the Securities Exchange Act of 1934 and certain of Lead Plaintiff's claims pursuant to the Securities Act of 1933.

The Settling Parties have engaged in substantial arm's length negotiations in an effort to resolve all claims that have been or could be asserted in the Consolidated Securities Action against PwC, including conducting a meeting and numerous telephone conferences where the terms of the agreements detailed herein were extensively debated and negotiated.  The Settling Parties acknowledge that by entering into the Settlement they are forever foregoing any right they may have at any time to appeal the rulings in the Consolidated Securities Action, including the rulings contained in the Report and Recommendation.

The Settling Parties and their counsel believe that the terms and conditions of this Settlement are fair, reasonable and adequate and are the result of arm's length negotiations between the Settling Parties.

II.   **SETTLING DEFENDANT'S DENIALS OF WRONGDOING AND LIABILITY**

The Settling Defendant has denied and continues to deny each and all of the claims and contentions alleged by the Lead Plaintiff in the Consolidated Securities Action.  The Settling Defendant expressly has denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Consolidated Securities Action.  The Settling Defendant also has denied and continues to deny, *inter alia*, the allegations that the Lead Plaintiff or the Settlement Class have suffered any damages, or that the Lead Plaintiff or the Settlement Class were harmed by the conduct alleged in this Consolidated Securities Action.

Nonetheless, the Settling Defendant has concluded that further conduct of the Consolidated Securities Action would be protracted and expensive, and that it is desirable that the Consolidated Securities Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  The Settling Defendant also has taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Consolidated Securities Action.  The Settling Defendant has, therefore, determined that it is desirable and beneficial to it that the Consolidated Securities Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

III.   **CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT**

The Lead Plaintiff and the Additional Lead Plaintiffs believe that the claims asserted in the Consolidated Securities Action have merit and that the evidence developed to date supports the claims.  However, counsel for the Lead Plaintiff and the Additional Lead Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Consolidated Securities Action against the Settling Defendant through trial and through appeals.

- 3 -

Counsel for the Lead Plaintiff and the Additional Lead Plaintiffs also have taken into account the additional risks to recovery arising as a result of the Court's order of September 30, 2005, dismissing claims against the Settling Defendant under the Exchange Act, as well as the uncertain outcomes and risks inherent in any litigation, especially in complex actions such as the Consolidated Securities Action, as well as the difficulties and delays inherent in such litigation.  Counsel for the Lead Plaintiff and the Additional Lead Plaintiffs also are mindful of the inherent problems of proof under and possible defenses to the violations asserted in the Consolidated Securities Action.  Counsel for the Lead Plaintiff and the Additional Lead Plaintiffs and the Lead Plaintiff and Additional Lead Plaintiffs believe that the settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class.  Based on their evaluation, counsel for the Lead Plaintiff and the Additional Lead Plaintiffs have determined that the settlement set forth in the Stipulation is in the best interests of the Lead Plaintiff, the Additional Lead Plaintiffs and the Settlement Class.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiff (for itself and the Settlement Class Members) and the Settling Defendant, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Consolidated Securities Action and the Released Claims shall be finally and fully compromised, settled and released, and the Consolidated Securities Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows:

### 1.   Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1   "Additional Lead Plaintiffs" means O. Bryant Lewis, 720 Capital Management LLC, Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust and Specialists DPM.

1.2     "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.3     "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.4     "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.5     "Effective Date" means the first date by which all of the events and conditions specified in 7.1 of the Stipulation have been met and have occurred.

1.6     "Escrow Agent" means the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s).

1.7     "Final" means the date of completion of the following: (i) Court approval of the dismissal of the claims that have been or could be asserted against PwC in all material respects AND either (ii) five days from the expiration of the time to appeal or otherwise seek review of the Order and Final Judgment which approves the Settlement without any appeal having been taken or review sought; OR (iii) if an appeal is taken or review sought, the expiration of five days after an appeal or review shall have been finally determined by the highest court before which appeal or review is sought and which upholds the terms of such appealed settlement and/or an Order and Final Judgment and is not subject to further judicial review.  For purposes of this paragraph, an "appeal" shall include any request for reargument or reconsideration or petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement or in connection with any substantive legal or procedural issue, other than one concerning attorneys' fees or the plaintiffs' allocation.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of allocation and/or application for attorneys' fees, costs, or expenses, shall not in any way delay or preclude the Judgment from becoming Final.

1.8     "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.9     "Lead Counsel" means Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Keith F. Park, Darren J. Robbins, 655 W. Broadway, Suite 1900, San Diego, California, 92101.

1.10    "Lead Plaintiff" means Plumbers & Steamfitters Local 137 Pension Fund.

1.11    "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership (LLP), limited liability corporation (LLC), association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.12    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund (defined in ¶1.21 below) whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses (defined in ¶2.7(c) below) and such attorneys' fees, costs, expenses and interest as may be awarded by the Court.  Any Plan of Allocation is not part of the Stipulation and Defendants and their Related Parties shall have no responsibility or liability with respect thereto.

1.13    "PwC" means PricewaterhouseCoopers LLP, each of its respective present and former parents, subsidiaries and affiliates, the present and former trustees, directors, officers, shareholders, partners, general partners, limited partners, principals, employees, agents, attorneys and representatives of each of the foregoing and the predecessors, successors and assigns of each of the foregoing.

1.14    "Released Claims" means those claims, including Unknown Claims, that have been or could have been asserted in the Consolidated Securities Action, including a full and general release by the Settling Plaintiff Class, the Lead Plaintiff and the Additional Lead Plaintiffs of those claims

that have been or could have been asserted against PwC in the Consolidated Securities Action including without limitation claims under the Securities Act of 1933, and the Securities Exchange Act of 1934.

1.15    "Released Defendants' Counsel" means Vinson & Elkins LLP and all other counsel for PwC, and each of their respective partners, associates, experts, agents, insurers, advisors, successors and assigns.

1.16    "Released Parties" means Released Defendant's Counsel, the Settling Defendant, and each of their parents, subsidiaries or affiliates, and all of their respective present or former directors, officers, employees, agents, fiduciaries, insurers, underwriters, attorneys and advisors, as well as all of their successors, heirs, assigns, executors, personal representatives and immediate families.

1.17    "Released Plaintiff's Counsel" means counsel for the Lead Plaintiff and Additional Lead Plaintiffs and each of their respective partners, associates, experts, agents, insurers, attorneys, advisors, successors and assigns.

1.18    "Released Securities Parties" means Released Defendant's Counsel, the Settling Defendant and each of their Released Parties.

1.19    "Settlement Class" means all persons or entities who purchased the equity or debt securities of Hanover pursuant or traceable to the Company's Registration Statement and Prospectus filed in connection with its March 16, 2001 Secondary Offering (collectively, the "Hanover Securities").  Excluded from the Settlement Class are those persons who are the Settling Defendant, any defendants previously named in the Securities Action, members of their immediate families, their affiliates and those members of the Settlement Class that timely and validly exclude themselves from the Settlement Class.

1.20    "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of Settlement Class as set forth in ¶1.19 of the Stipulation.

1.21    "Settlement Fund" means the principal amount of Two Million Dollars ($2,000,000) in cash plus all interest earned thereon to be paid pursuant to ¶2.1 hereof.

1.22    "Settling Defendant" means PwC.

1.23    "Settling Parties" means the Lead Plaintiff on behalf of itself and the Members of the Settlement Class and PwC.

1.24    "Unknown Claims" means any and all Released Claims which the Lead Plaintiff, the Additional Lead Plaintiffs, or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Securities Parties even those which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Securities Parties, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff and Additional Lead Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Lead Plaintiff and Additional Lead Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  The Lead Plaintiff, the Additional Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff

and the Additional Lead Plaintiffs shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, statute or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Lead Plaintiff and the Additional Lead Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

**2.    The Settlement**

**a.    The Settlement Fund**

2.1    The principal amount of $2 million in cash shall be transferred to the Escrow Agent within ten (10) days of preliminary approval of this settlement by the Court.  If the $2 million is not paid into an interest-bearing escrow account within ten (10) business days of preliminary approval of the settlement, interest will accrue at 10% per annum on the amount unpaid until the total Settlement Fund is deposited into the Escrow Account.  Alternatively, if the entire amount of the Settlement Fund is not transferred to the Escrow Agent as provided for within ten (10) business days of preliminary approval, Lead Plaintiff may terminate this Stipulation.

**b.    The Escrow Agent**

2.2    The Escrow Agent may invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these

instruments as they mature in similar instruments at their then-current market rates.  The Escrow Agent shall bear all risks related to investment of the Settlement Fund.

2.3     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants and Lead Counsel.

2.4     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class Members as are consistent with the terms of the Stipulation.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6     Within five (5) days after payment of the Settlement Fund to the Escrow Agent pursuant to ¶2.1 hereof, the Escrow Agent may establish a "Class Notice and Administration Fund," and may deposit up to $125,000 from the Settlement Fund in it.  After the Court preliminarily approves the settlement, the Class Notice and Administration Fund may be used by Lead Counsel to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any, provided, however that no such costs, expenses, or fees shall be paid before Court approval of the Notice Order described in ¶3.1 below.  The Class Notice and Administration Fund shall also be invested and earn interest as provided for in ¶2.2 of this Stipulation.  No more than $125,000 may be spent on class notice and administration until after the Judgment is Final.  Should the Court decline to grant final approval of the settlement, or if the approval of reversed on appeal, the Settlement Fund shall be returned to the

Settling Defendant less any actual cost incurred for notice and administration but no more than the $125,000 allocated for the Class Notice and Administration Fund.

        c.    **Taxes**

    2.7    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

        (b)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

        (c)    All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Settling Defendant or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (ii) expenses and

- 11 -

costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Settling Defendant and its counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  From the Settlement Fund, the Escrow Agent shall indemnify and hold the Settling Defendant and its Related Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Settling Defendant nor its counsel are responsible nor shall they have any liability therefore.  The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

(d)     For the purpose of this ¶2.7, references to the Settlement Fund shall include both the Settlement Fund and the Class Notice and Administration Fund and shall also include any earnings thereon.

**d.     Termination of Settlement**

2.8     If the settlement is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) shall be returned to the

Settling Defendant less any actual cost incurred for notice and administration of no more than the $125,000 allocated for the Class Notice and Administration Fund.

### 3.     Notice Order and Settlement Hearing

3.1     As soon as practical following execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Notice Order"), substantially in the form of Exhibit A hereto, requesting, *inter alia*, the certification of the Settlement Class for the purpose of settlement, preliminary approval of the settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶6.1 hereof and the date of the Settlement Hearing as defined below.

3.2     Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

### 4.     Releases

4.1     The Proof of Claim and Release to be executed by Settlement Class Members shall release all Release Claims against the Released Securities Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.2     Upon the Effective Date, as defined in ¶1.5 hereof, Lead Plaintiff, the Additional Lead Plaintiffs, and each of the Settlement Class Members on behalf of themselves, their heirs, executors, administrators, successors, assigns, all in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and

discharged all Released Claims (including Unknown Claims) against the Released Securities Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release or otherwise shares in the Settlement Fund.

4.3     Upon the Effective Date, as defined in ¶1.5 hereof, the Settling Defendant and each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members, Lead Plaintiff, the Additional Lead Plaintiffs and plaintiffs' counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Consolidated Securities Action or the Released Claims.

**5.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court and/or Lead Counsel, as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay counsel to the Lead Plaintiff attorneys' fees, expenses and costs with interest thereon (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(b)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(c)     to pay the Taxes and Tax Expenses described in ¶2.7 hereof; and

(d)    to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4    Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

5.5    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

5.6    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.

5.7    The Settling Defendant and the Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the providing of notice, the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

5.8    No Person shall have any claim against Lead Counsel, the Claims Administrator, the Settling Defendant or the Released Parties or their counsel based on the distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

5.9    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

**6.    Lead Counsel's Attorneys' Fees and Reimbursement of Expenses**

6.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for an award of attorneys' fees and reimbursement of expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid). Lead Counsel reserve the right to make additional applications for fees and expenses incurred. The Lead Plaintiffs and the Additional Lead Plaintiffs may submit an

application for reimbursement of their expenses (including lost wages) incurred in representing the Settlement Class in the Consolidated Securities Action.

6.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses.  Lead Counsel shall thereafter allocate the attorneys' fees amongst other plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Consolidated Securities Action.  In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel and such other plaintiffs' counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the the Settlement Fund in an amount consistent with such reversal or modification. Each plaintiffs' counsel's law firm as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3    The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to

terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Consolidated Securities Action set forth therein.

6.4     The Released Securities Parties shall have no responsibility for any Fee and Expense Award that the Court may make in the Litigation.

6.5     The Released Securities Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Lead Counsel or other plaintiffs' counsel from the Settlement Fund.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     Defendants have timely made or caused to be made their contributions to the Settlement Fund as required by ¶2.1 hereof;

(b)     the Court has entered the Notice Order, as required by ¶3.1 hereof;

(c)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(d)     the Judgment has become Final, as defined in ¶1.7 hereof; and

(e)     PwC has not exercised their option to terminate the Stipulation in accordance with the terms of the Supplemental Agreement.

7.2     If prior to the Settlement Hearing, Persons who otherwise would be Settlement Class Members have submitted timely and valid requests for exclusion from the Settlement Class in accordance with the provisions of the Notice and such Persons have purchased in the aggregate a total number of shares or face amount of 4.75% convertible senior notes greater than the number or amount specified in a separate Supplemental Agreement Regarding Requests for Exclusion (the "Supplemental Agreement"), PwC shall have the option to terminate the Stipulation in accordance

with the provisions set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless and until a dispute among the parties concerning its interpretation or application arises and in that event, the Supplemental Agreement shall be filed and maintained by the Court under seal.

7.3 Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of PwC in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.5 hereof unless Lead Counsel and counsel for PwC mutually agree in writing to proceed with the Stipulation.

7.4 Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for PwC or Lead Counsel to the Escrow Agent, subject to the terms of ¶¶2.6 and 2.8 hereof, the Settlement Fund (including accrued interest), plus any amount then remaining in the Class Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to ¶¶2.6 and 2.7 hereof, or are determined to be chargeable to the Class Notice and Administration Fund (up to a total of $125,000), shall be refunded by the Escrow Agent to the PwC pursuant to written instructions from PwC's counsel. At the request of counsel to the PwC, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to PwC at the written direction of counsel to PwC.

7.5 In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of December 28,

2006.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.24, 2.6-2.8, 6.2-6.5, 7.4-7.7, 8.2-8.3, 8.8-8.14 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, nunc pro tunc.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to the Lead Plaintiff or its counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiff nor its counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund up to a total of $125,000.  In addition, any expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to ¶2.6 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶2.8 and ¶7.4 hereof.

7.7     If a case is commenced in respect to PwC under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of PwC to be a preference, voidable transfer, fraudulent transfer or similar transaction, then, as to PwC, the releases given and Judgment entered in favor of PwC pursuant to this Stipulation shall be null and void.

7.8     PwC warrants and represents that it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time this Stipulation is executed and as of the time any payments are

transferred or made as required by this Stipulation.  The representation is made by PwC and is not made by counsel for PwC.

**8.    Miscellaneous Provisions**

8.1    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement  were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Consolidated Securities Action was brought or defended in bad faith or without a reasonable basis.  The Judgment will contain a finding that during the course of the Consolidated Securities Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  The Settling Parties may issue a press releases concerning the settlement but may not contradict any of the foregoing language in this ¶8.2.

8.3    Neither the Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of PwC; or (b) is or may be deemed to be or may be used as an

admission of, or evidence of, any fault or omission of any of PwC in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  PwC may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or any other defense or counterclaim.

8.4     All agreements made and orders entered during the course of the Consolidated Securities Action relating to the confidentiality of information shall survive this Stipulation.

8.5     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7     This Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

8.8     Lead Counsel, on behalf of the Settlement Class, are expressly authorized by the Lead Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

8.9     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.10    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

8.11    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

8.13    The Stipulation and the Exhibits hereto shall be governed by federal law, including Rule 23 of the Federal Rules of Civil Procedure.

8.14    To the extent not covered by federal law, this Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Texas, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of December 29, 2006.

CROWLEY DOUGLAS & NORMAN, LLP
TIMOTHY J. CROWLEY
State Bar No. 05170700
RICHARD E. NORMAN
State Bar No. 00788128


_____
                s/ Timothy J. Crowley
            TIMOTHY J. CROWLEY

1301 McKinney Street, Suite 3500
Houston, TX  77010-3034
Telephone:  713/651-1771

- 23 -

SCHWARTZ, JUNELL, GREENBERG
  & OATHOUT, LLP
ROGER B. GREENBERG
Federal I.D. No. 3932
State Bar No. 08390000
Two Houston Center
909 Fannin, Suite 27000
Houston, TX  77010
Telephone:  713/752-0017

**Attorneys in Charge and
Plaintiffs' Co-Liaison Counsel**

**Lead Counsel for Lead Plaintiff and
Additional Lead Plaintiffs:**

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
KEITH F. PARK
DARREN J. ROBBINS
AMBER L. ECK
MATTHEW P. MONTGOMERY
BENNY C. GOODMAN III
ROBERT R. HENSSLER, JR.


       s/ Keith F. Park
_____
       KEITH F. PARK

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

**Additional Counsel for Plaintiff:**

CAVANAGH O'HARA
WILLIAM K. CAVANAGH, JR.
407 East Adams Street
Springfield, IL  62605
Telephone:  217/544-1771
217/544-9894 (fax)

VINSON & ELKINS, L.L.P.
JAMES A. REEDER, JR.
JEFFREY S. JOHNSTON

JAMES A. REEDER, JR.

2500 First City Tower
1001 Fannin Street
Houston, TX  77002-6760
Telephone:  713/758-2222
713/758-2346 (fax)

**Attorneys in Charge and**
**Lead Counsel for PwC**

S:\Settlement\Hanover PWC.set\V1 STP 00038203.doc

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Keith F. Park
KEITH F. PARK

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:KeithP@lerachlaw.com

# Mailing Information for a Case 4:02-cv-00410

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Roger Farrell Claxton**
  claxtonhill@airmail.net

- **Amber L Eck**
  nhorstman@lerachlaw.com,bobbyh@lerachlaw.com,bennyg@lerachlaw.com,e_file_sd@lerachlaw

- **Roger B Greenberg**
  rgreenberg@schwartz-junell.com,sdoring@schwartz-junell.com

- **Matthew P Montgomery**
  mattm@lerachlaw.com

- **Richard Eugene Norman**
  rnorman@cdnlawfirm.com,cgillespie@cdnlawfirm.com

- **Keith F Park**
  nhorstman@lerachlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Jan M Adler
Lerach Coughlin et al
401 B St
Ste 1700
San Diego, CA 92101

George E Barrett
Barrett Nohnston et al
217 Second Ave N
Nashville, TN 37201

Timothy Joseph Crowley
Crowley & Douglas
1301 McKinney
Ste 3500
Houston, TX 77010

Eddie Gilbreath
9349 Ashley Drive
Brooksville, FL 34613

Robert R Henssler
Lerach Couglin et al LLP
```

655 W Broadway
Ste 1900
San Diego, CA 92101

**Timothy L Miles**
Barrett Johnston et al
217 Second Ave N
Nashville, TN 37201

**Charles T Newton**                                      **, Jr**
Vinson & Elkins
1001 Fannin
Ste 2300
Houston, TX 77002-6760