Southern District of Texas
ENTERED

JUN 1 9 2007

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PIRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL BENEFITS TRUST, et al., On Behalf of Themselves and All Others Similarly Situated, | § § § § § § § § § § § § § § | Civil Action No. H-02-0410 **(Consolidated)** CLASS ACTION |
| Plaintiffs, | | |
| vs. | | |
| PRICEWATERHOUSECOOPERS LLP, | | |
| Defendant. | | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

The Court, by Order dated March 26, 2007 (the "March 26 Order"), preliminarily approved: (1) the certification of the Settlement Class for settlement purposes, (2) the Settlement set forth in the Stipulation of Settlement dated as of December 29, 2006 (the "Stipulation"), and (3) the form and manner of notice to the Settlement Class.

This matter came before the Court for hearing pursuant to the March 26 Order on the application of the parties for approval of the Settlement set forth in the Stipulation. Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.   This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.   This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3.   Except as to any individual claim of those Persons (identified on Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, this Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Stipulation) the Consolidated Securities Action against the Settling Defendant. Accordingly, the Lead Plaintiff, the Additional Lead Plaintiffs and Settlement Class Members are hereby permanently barred and enjoined from prosecuting the Released Claims against the Released Parties.

4.   Pursuant to the Private Securities Litigation Reform Act of 1995, the Court hereby bars all claims for contribution and equitable indemnification against the Settling Defendant and the Released Parties. All Persons, other than those Persons that timely and properly excluded themselves from the Settlement Class, are permanently and forever barred and enjoined from filing,

commencing, instituting, prosecuting or maintaining, either directly, indirectly, representatively or in any other capacity, any claim, counterclaim, cross-claim, third-party claim or other action against any of the Released Securities Parties arising out of, based upon or relating to the transactions and occurrences referred to in the facts and allegations contained in the Consolidated Securities Action, including without limitation any claim or action seeking indemnification or contribution, however denominated, and any claim or action, whether legal or equitable in nature, known or unknown, foreseen or unforeseen, accrued or unaccrued, matured or unmatured, or for damages or permitted costs and expenses (including attorneys' fees). All such claims and actions are hereby extinguished, discharged, satisfied and unenforceable.

5.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure and other applicable federal and state law, the Court finds that the Stipulation and Settlement are fair, just, reasonable and adequate (procedurally and substantively) as to each of the Settling Parties, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6.   Upon the Effective Date hereof, the Lead Plaintiff, the Additional Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Settling Defendant and the Released Parties, whether or not such Settlement Class Member executed and delivered a Proof of Claim and Release.

7.   Upon the Effective Date hereof, the Settling Defendant and each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Settlement Class Members and counsel to the Lead Plaintiff and Additional Lead Plaintiffs from all claims (including Unknown

Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Consolidated Securities Action or the Released Claims.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this Settlement, a Settlement Class of all persons or entities who purchased the equity or debt securities of Hanover pursuant or traceable to the Company's Registration Statement and Prospectus filed in connection with its March 16, 2001 Secondary Offering (collectively, the "Hanover Securities"). Excluded from the Settlement Class are those persons who are the Settling Defendant, any defendants previously named in the Securities Action, members of their immediate families, their affiliates and those members of the Settlement Class that timely and validly exclude themselves from the Settlement Class.

9. With respect to the Settlement Class, this Court finds and concludes that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Consolidated Securities Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; and (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum.

10. The Notice of Pendency and Settlement of Class Action provided to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said Notice

provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D of the Securities Exchange Act of 1934, and the requirements of due process.

11. Any court order regarding the Plan of Allocation or the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Settling Defendant; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Settling Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Settling Defendant may file the Stipulation and/or this Judgment in any other action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or any other defense or counterclaim.

13. The Court finds that during the course of the Consolidated Securities Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of

the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund and Plan of Allocation; (c) hearing and determining applications for attorneys' fees, costs, interest and expenses (including fees and costs of experts and/or consultants) in the Consolidated Securities Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith, and the Order Preliminarily Approving Settlement and Providing for Notice, shall be null and void to the extent provided by and in accordance with the Stipulation.

16. The Court finds that no just reason exists for delay in entering final judgment in accordance with the Stipulation as to all remaining parties and all remaining claims. Accordingly, the Clerk is hereby directed to enter this Final Judgment and Order forthwith.

IT IS SO ORDERED.

DATED: June 15, 2007

THE HONORABLE VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

S:\Settlement\Hanover PWC.set\JGT 00038303.doc